On the 2d day of January, 1793, the plaintiff, Walter Preston, entered into an article of agreement with William M'Gaughey, in the following words: —
"Articles of agreement, made and entered into, this second day of January, 1793, witnesseth, that William M'Gaughey hath sold unto Walter Preston one tract or parcel of land, lying in the Turkey Cove, in Powell's Valley, containing fourteen hundred acres, for the sum of forty-five pounds, to him in hand paid, the payment of which I hereby acknowledge to have received in a negro girl named Milly, about twelve years old; but in case the title of the land should fall through, so that I can not maintain said right to him, the said Preston, his heirs or assigns, then the said M'Gaughey shall deliver up the said negro; or in case she should be removed, by death or other accident, then the said M'Gaughey is to pay back the said sum of forty-five pounds to the said Preston, his heirs or assigns; for the true performance of which, we bind, c. c."
The negro girl was delivered up to M'Gaughey, and remained in his possession for several years, during which time she had three children. The land spoken of in the contract was ultimately lost, but after the children aforesaid were born, and after one of then had been sold' by William M'Gaughey to the defendant, George W. M'Gaughey.
William M'Gaughey gave up the negro woman; but the defendant refusing to deliver the child, which he had purchased, Preston brought an action of detinue against him. *Page 114 
Several questions were made at the trial by the counsel on both sides: Whether any, and if any, what estate had William M'Gaughey in the negro woman before the land was lost? Whether it was only a conditional sale? To whom did the increase belong?
It has been too long settled to be recalled, that if there be an estate for life in a negro woman, and pending the estate she has children, they will go to the remainder man. Jones and Toller is a leading case, in which the most celebrated judges of North Carolina have acquiesced. Society have long acted under this act as the law. All estates and family settlements have been made under the impression that this was the law; therefore, if this article of agreement can even be construed to vest a particular estate, or an estate for life, I would not break in upon a rule so long ago settled.
But upon the construction of this article of agreement the Court is of opinion, that it was not the intention of the parties, to vest any particular estate, much less an estate for life; it was a conditional sale, and to take effect only upon the condition that M'Gaughey's title to the land should prove valid. Therefore M'Gaughey is no more entitled to the issue of the negro woman, born while he had her in possession, than if he had hired her for one year. As to the pretended purchase of George W. M'Gaughey (son of William M'Gaughey), the Court is of opinion that it does not vary the case, as it is in proof, that he had full knowledge of the nature of his father's claim to the negro woman.