HAGGERTY and others *against* PALMER and others.

Goods were sold at auction, in the city of *New-York*, to be paid for
in approved indorsed notes at four and six months; and it is the
*usage* in that city, where goods are so sold, to deliver them to the
buyer when called for, and for the vendors afterwards to send for
the notes. The vendee, after he had received the goods, before he
was called on for the notes, according to the terms of the sale, stop-
ped payment, and assigned over the goods, with other property, in
trust, to pay certain favoured creditors : *Held*, that the delivery of
the goods by the vendors, was conditional, and the vendee a trustee
for them until the notes were delivered. That the assignment by
the vendee was voluntary and fraudulent, and did not defeat the
equitable *lien* of the vendors; there being no intervening purchaser
for a valuable consideration, without notice.

BILL for an injunction, filed *June* 13th, 1822. The
material facts were admitted in the answer.

The plaintiffs, on the 23d and 27th of *May* last, sold at
auction, to the defendant, *Palmer*, a quantity of goods, to
be paid in approved indorsed notes at four and six months.

1822.

HAGGERTY
v.
PALMER.

It is the usage in *New-York*, where goods are sold at auction for approved notes, to deliver the goods to the buyer when called for, and to send for the notes afterwards. The goods were accordingly delivered to *Palmer*, and on the first of *June*, the plaintiffs sent for the notes, according to the terms of sale, when it was discovered that *P.* had stopped payment, and had, on the 30th, or 31st of *May*, assigned over his property, including the goods so purchased, or the part not already sold by him, to the defendants, *Jewett & Halsey*, in trust, to pay certain favourite creditors, of whom his father-in-law was one. The notes, therefore, could not be delivered, and the assignees sold the goods assigned and delivered to them, and which were so purchased of the plaintiffs, and have in hand the proceeds, amounting to 394 dollars and 51 cents, which, they admitted in their answer, were held subject to the order of the Court.

*D. B. Ogden*, for the plaintiffs.

*Griffin*, for the defendants.

THE CHANCELLOR. Upon this case, I am of opinion, that the defendants must account for those proceeds to the plaintiffs. The delivery of the goods was conditional, and taken by the defendant, *P.*, as a trustee for the plaintiffs, until the delivery of the notes. The voluntary assignment and delivery of these goods, in the character of an insolvent debtor, to *J. & H.*, to pay other creditors, was an act of fraud, and ought not to deprive the plaintiffs of their equitable lien, in a case where there is no intervening claim of a purchaser for valuable consideration. If the goods had been fairly sold by *P.*, or if the proceeds had been actually appropriated by the assignees, before notice of this suit, and of the injunction, the remedy would have been gone. But while the goods are in the possession, or

under the control of *P.*, or of his voluntary assignee, the plaintiffs have the equitable lien and the better right. The cases under the *English* bankrupt acts do not strictly apply, for the statute of 11 and 12 *Geo.* III. ch. 8. declares, that goods placed under the order and disposition of the bankrupt, with the consent of the true owner, shall pass to the assignees. This is a proper rule, under the bankrupt system, to prevent fraud and collusion. But in a case like the present, when the purchaser knew of the usage, and that the delivery of the goods before the delivery of the notes was a deposit in trust, and well understood to be upon condition of a delivery of the notes, it would be very productive of fraud, to give the same force and effect to a voluntary assignment, made for partial purposes, and to the exclusion of the real owner. None of the authorities referred to appear to require us to go this length, and they are all distinguishable from the present case.

I shall accordingly decree, that the assignees, *J. & H.*, account for the proceeds in their possession.

Decree accordingly.