Bailey v. Harris.

---

## BAILEY *v.* HARRIS.

Where there is an express stipulation in the sale of personal property, that the property shall not be the vendee's until the price is paid, he cannot be regarded as a purchaser, and the title does not pass to him; and a sale of the property by the vendee, while it is in his possession, to a third person, without notice, vests no title thereto in the purchaser. (WRIGHT, C. J., dissenting.)

*Appeal from the Allamakee District Court.*

THURSDAY, APRIL 14.

REPLEVIN, FOR BLACKSMITH'S TOOLS.  The plaintiff had left the tools in the possession of one Kingsley, with an agreement, " that if Kingsley should pay to plaintiff, the amount of a certain promissory note, ($60 00), then in the hands of J. T. Clark, the title of said tools was to become vested in Kingsley ; if not, the title was to remain in plaintiff."   The note was not paid according to agreement; and Kingsley, soon after, sold and delivered the tools to defendant.

The cause was tried by the court; and this being all the evidence, the court ruled that the sale to the defendant by Kingsley, gave to him the absolute title in the property, as against the plaintiff; and that the plaintiff could not part with the possession of the property to Kingsley, under such conditional sale, and retain the title thereto, as against subsequent purchasers, without placing his agreement with Kingsley upon record, or without notice, as required by law. Judgment was thereupon given for the defendant; to which ruling and judgment of the court, the plaintiff excepted, and now appeals.

*John T. Clark,* for the appellant.

No appearance for the appellee.

STOCKTON, J.*—By the terms of the agreement with Bailey, Kingsley had no right of property in the blacksmith's tools, until the payment of the note left with Clark.   This note not being paid, according to agreement, Kingsley could pass no valid title in the tools to the defendant, and the plaintiff might resume the possession of the property at his option.   1 Parsons on Contracts, 449 and 441.

In *Sargent* v. *Gile*, 8 N. H., 325, furniture was delivered to one Wilson, upon a contract that he should keep it six months, and if within that time, he should pay for it, he

---

* WRIGHT, C. J., dissenting.

was to have it at cost, but otherwise, he was to pay twenty-five per centum upon the cost, for the use of it. Wilson sold and delivered the furniture to the defendant, who knew nothing of the contract upon which Wilson received it. It was held by the court, that as there was an express stipulation that the property should not be Wilson's, until the price was paid, he could not be regarded as a purchaser, and no property passed to him; and that the contract by which he gained the right to purchase, gave him no right to sell, and the goods still remained the property of the plaintiff. See, also, *Copland* v. *Bosquet*, 4 Wash. C. C., 594; *Porter* v. *Pettingill*, 12 N. H., 299; *Gambling* v. *Read*, 1 Meigs, 281; *Bigelow* v. *Huntley*, 8 Verm., 151; *Barrett* v. *Pritchard*, 2 Pick., 512. In New York, it has been held, that a *bona fide* purchaser, without notice of the conditional sale, will be entitled to hold the property. *Haggerty* v. *Palmer*, 6 Johns. Ch., 437; *Keeler* v. *Field*, 1 Paige, 315; *Smith* v. *Lyons*, 1 Selden, 41. Upon an examination of the authorities, however, we are satisfied with the ruling in *Sargent* v. *Gile*, and hold accordingly that the plaintiff was entitled to recover.

Judgment reversed.

WRIGHT, C. J., *dissenting.*—In this case, the delivery of the personal property was complete to Kingsley. Harris purchased in good faith, without notice, actual or constructive, of the right reserved by Bailey—or that the sale made was conditional. In my opinion, while the parties to such a sale, should be, and are bound by its terms, and as between them the title remains in the vendor, as to. subsequent purchasers and existing creditors, without notice, acting in good faith, and purchasing for a valuable consideration, the title is in the vendee. I think the rule as found in the New York cases, is a safe one, and much more in accordance with the letter and spirit of our registry laws, than that adopted by the majority of the court. The point of difference is well understood, and therefore I need not now say more.