## SAMUEL PUTNAM *v.* JUDD LAMPHIER.

| 36 | 151 |
| 109 | 241 |
| 36 | 151 |
| 113 | 424 |
| 36 | 151 |
| 123 | 477 |

FINDINGS OF FACT ON APPEAL—WHEN EVIDENCE IS CONFICTING—CREDIBILITY OF WITNESSES.—The application of the rule that findings of fact will not be disturbed on appeal when there is a manifest conflict in the evidence, depends in no measure upon the question whether any of the witnesses are interested in the event of the suit. The credit to be given to their testimony, however attacked, must be determined in the Court below.

CONDITIONAL SALE OF PERSONAL PROPERTY—TITLE.—Where on sale of personal property "the right to receive payment before delivery is waived by the seller, and immediate possession is given to the purchaser, and yet by express agreement the title is to remain in the seller until the payment of the price upon a fixed

day, such payment is strictly a condition precedent, and until performance the right of property is not vested in the purchaser."

IDEM—RIGHTS OF SECOND VENDEE.—It is a general rule, applicable alike to conditional and absolute sales, that a second vendee is not entitled to stand in any better situation than his vendor in regard to the title of personal property, other than negotiable instruments, and whatever comes under the general denomination of currency. Whether a further exception to the rule exists in favor of *bona fide* purchasers from the purchaser at a conditional sale, is not decided.

JUDGMENT NOT AUTHORIZED BY PLEADINGS—HOW OBJECTIONS TO MAY BE TAKEN ON APPEAL.—The objection that the judgment is not authorized by the pleadings, may be taken on an appeal upon the judgment roll alone. The fact that a motion for a new trial was made, which did not state this as one of its grounds, does not operate as a waiver of the objection.

IDEM.—Where, to an action by P. and R. against Putnam and others for the recovery of four mules, their harness, a wagon, and a saddle, or their value, Putnam, in answer, claimed title and right of possession of three of the mules, without designating which ones, and judgment passed for Putnam for the four mules, or their value, which were valued together only in a gross sum : *Held*, first, that the judgment was not authorized by the pleadings; and second, that as the judgment cannot be modified for want of data, it must be reversed, and a new trial granted.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

The plaintiff brought suit against the defendant to recover the possession of four certain mules, four sets of harness, and a wagon, or their value, alleged to be seven hundred and fifty dollars. The defendant denied plaintiff's title as alleged, and pleaded a sale and delivery by him before suit brought of the demanded property to W. L. Perkins & Co. All of said property, except one mule and one set of harness, was delivered to the plaintiff by the Sheriff of El Dorado County, under a writ of replevin issued at the commencement of said action. One day after the commencement of said action, W. L. Perkins and F. W. Robinson, partners, under the firm name of W. L. Perkins & Co., brought suit against said plaintiff Putnam, James B. Hume, Sheriff, and M. G. Griffith, Deputy Sheriff, of said county, for the possession of all the property described in Putnam's complaint, and a certain saddle, or their value, alleged to be one thousand one hundred and twenty-five dollars. To this action the defendants therein, among other things, made answer as follows:

"Now come the above named defendants, and for their answer to the complaint of said plaintiffs herein:

"1st. They deny each and every allegation in said complaint set forth.

"2d. Further answering, defendants aver that said defendant Samuel Putnam is the only real party in interest in said action, and said defendant Putnam avers that he is now, and was during all the time mentioned in plaintiffs' complaint, the owner of all the property set forth in said complaint, except such as was designated by defendant Putnam at the time of the taking, and left in possession of one Lamphier or plaintiff, to wit: all of said property except three mules and their harness.

"That said defendants, Griffith and Hume, were only acting as Sheriff and Under Sheriff in the premises, in the execution of legal process, as provided by law in actions of replevin, in the case of Samuel Putnam against one Judd Lamphier, commenced and prosecuted in said District Court by said Samuel Putnam against said Lamphier for the claim and delivery of said property, to wit: three mules.

"Defendants deny that said plaintiffs, on the 9th day of May, 1866, or at any other time, were the owners of or entitled to the possession of said property."

By the consent of all the parties thereto, said actions were consolidated, and tried together before the Court, without a jury. As to the existence of the contract of sale of the demanded property in said first described action, as found by the Court, there was a substantial conflict of evidence in respect to said contract. Plaintiff Putnam gave material testimony. At the trial the Court found the following facts and conclusions of law, viz:

"1st. That the property described in the complaint of plaintiff, to wit: four mules, four harness, and one wagon, were, on the 10th day of May, 1866, ever since have been,

and now are the property of Samuel Putnam, the plaintiff in one of the suits and defendant in the other; that said property is worth the sum of seven hundred and fifty dollars; that at the commencement of the action of Samuel Putnam against Judd Lamphier, said Putnam was, and ever since has been, entitled to the possession of all of said property.

"2d. That said Putnam, in November, 1864, employed defendant Lamphier to drive the animals and wagon described in the complaint for about two months, by the month; that said Putnam had owned this team for about five years; that afterwards Putnam entered into an agreement with Lamphier to drive the team on shares, which continued until April, 1865.

"3d. That in April, 1865, Putnam and Lamphier entered into the following agreement, viz: Lamphier was to take the team and property and use it, and pay Putnam fifty dollars per month until he had paid him the sum of six hundred and sixty-two dollars and fifty cents, and one and one half per cent per month monthly on this sum, and when Lamphier had paid in this way the said sum of six hundred and sixty-two dollars and fifty cents, the team and property was to be the property of Lamphier, and then Putnam was to give him a bill of sale of the property, but until then the property should be the property of Putnam, and in the event that Lamphier should fail to pay as above stated, Putnam was to have the team back and retain the amount which should be paid by Lamphier as rent for the use of the team. It was also agreed if Lamphier could not pay the fifty dollars per month, he should pay as much as he could, but the interest should be paid monthly.

"4th. That Lamphier continued in possession of the team after his agreement to work it on shares under this agreement, until he finally sold it to plaintiffs, Perkins & Robinson. That Lamphier never paid Putnam anything on this agreement, nor did Putnam see him until September 16th, 1865, at Shingle Springs, El Dorado County, when Lamphier paid him two hundred dollars on the agreement, which Putnam

applied as follows: fifty-four dollars on the interest, one hundred and forty-six dollars on monthly rent. That Lamphier agreed to make another payment within thirty days. That afterwards Putnam did not see Lamphier until March, 1866, at Sacramento. That then and there Putnam demanded of Lamphier the money on the agreement or the property. That Lamphier then and there told him he could not pay him, and told him the team was his, and to go with him on the following morning and get it, which Putnam said he would do. The following morning Lamphier was missing, and Putnam did not know where to find the team. That Putnam never received anything on this agreement except the two hundred dollars, September 16th, 1865.

"That sometime about March 2d, 1866, Lamphier sold his team to Perkins & Robinson. That the first time Putnam saw the property after September 16th, 1865, was when the Sheriff took them in this action, May, 1866. Lamphier was in control of the team at the time of the taking.

"6th. That after the taking by the Sheriff, and at the time of the commencement of the suit by Perkins & Robinson, the property was, under an agreement between the parties to abide the results of these suits, delivered to plaintiffs, Perkins & Robinson.

"7th. That the value of this property is the sum of seven hundred and fifty dollars.

"As conclusions of law, I find: That at the time of the commencement of these actions, Samuel Putnam, plaintiff in one suit and defendant in the other, was the owner of the property described in the pleadings in these cases, and entitled to the possession of the same, and that he is now the owner and entitled to the possession thereof. That said Samuel Putnam is entitled to a judgment against Judd Lamphier, W. L. Perkins, and F. W. Robinson, for the possession of the same; or if possession cannot be had, then in lieu thereof for the sum of seven hundred and fifty dollars—the value thereof and costs."

Judgment passed for plaintiff, Putnam, in accordance with said findings; and defendants Lamphier and W. L. Perkins & Co. moved for a new trial, on the grounds, to wit: First— Insufficiency of the evidence to justify the decision; Second—That the decision is against law; and Third—Error in law occurring at the trial, and excepted to by the moving parties. The motion was denied, and the parties moving therefor appeal from the judgment and from the order denying said motion.

*J. G. McCallum*, for Appellants.

The pleadings did not authorize the judgment. This error appears in the judgment roll alone. (*Hutton* v. *Reed*, 25 Cal. 478.) The Court erred in its conclusions of law upon the findings. 1st. The transfer from Putnam to Lamphier passed the title. In law it was not a lease or a bailment. (*Helm* v. *Dumars*, 3 Cal. 454; *Miller* v. *Steen*, 30 Cal. 402; *Brannan* v. *Wilson*, 27 Cal. 258; 36 Maine, 1 Heath, 562.) 2d. If Putnam had the right to reclaim the property under the conditions of the contract, as found by the Court, he waived it in not making the claim within a reasonable time after the breach of the conditions. (31 Penn. 324.)

Perkins & Co. were innocent purchasers, and had the right to consider Lamphier the owner. He had the *indicia* of title—the possession and absolute control of the property. Purchasers without notice are not bound by the conditions of the sale between the original vendor and vendee. (1 Bosw., N. Y., 406.)

"When the actual delivery is complete, the burden of proof to establish the condition rests upon the vendor or person setting it up. And after actual delivery, (although as between the parties to the sale such delivery may be conditional,) a *bona fide* purchaser from the vendee gets a perfect title." (1 Selden, 42; see, also, 2 Kent's Com. 496, 497; 6 Cow. 110, 115, note *a;* 6 Wend. 80; 8 Wend. 247; 4 Pick.

516; 4 Mass. 405; 6 Pick. 262; 14 Wend. 562, 566; 1 Denio, 51; 1 Edw. Ch. 144.)

*Geo. G. Blanchard*, for Respondents.

The first point raised by appellants is unavailable to them, for it does not appear in the assignment of errors or among the grounds assigned for a new trial. The agreement between Putman and Lamphier did not pass the title to the latter.

Putnam is not estopped from setting up title as against Perkins & Robinson. (*Wright* v. *Solomon*, 19 Cal. 64; *Covill* v. *Hill*, 4 Denio, 323; 20 Barb. 364; 2 Pick. 512; 10 Pick. 523; Long on Sales, 109; *Coghill* v. *Hartford and N. H. R. R. Co.*, 3 Gray, 550, note; 5 Gray, 306; 7 Gray, 155; 8 Gray, 159; 22 Pick. 523.)

By the Court, RHODES, J.:

The application of the rule that the finding will not be disturbed when there is a manifest conflict in the evidence, depends in no measure upon the question whether any of the witnesses are interested in the event of the suit. The credit to be given to their testimony, however attacked, must be determined in the Court below.

In treating of conditional sales, Parsons, in his work on Contracts, Vol. I, p. 449, says: "But where the right to receive payment before delivery is waived by the seller, and immediate possession is given to the purchaser, and yet by express agreement the title is to remain in the seller until the payment of the price upon a fixed day, such payment is strictly a condition precedent, and until performance the right of property is not vested in the purchaser." (See cases cited in the note to p. 449; 2 Kent Com. 496.) This doctrine is sustained both by the weight of authority and by principle.

Perkins & Robinson claim that if the agreement between Putnam and Lamphier amounts to a conditional sale, they

will hold the property against the claim of Putnam, on the ground that they are *bona fide* purchasers from Lamphier. It is a general rule, applicable to conditional as well as absolute sales, that a second vendee is not entitled to stand in any better situation than his vendor in regard to the title of personal property, other than negotiable instruments, and whatever comes under the general denomination of currency. (*Wright* v. *Solomon*, 19 Cal. 76.) In a few cases, among which are *Smith* v. *Lynes*, 5 N. Y. 41; *Haggerty* v. *Palmer*, 6 Johns. Ch. 437; *Keeler* v. *Field*, 1 Paige, 315; *Hussey* v. *Thornton*, 4 Mass. 405, an exception to the rule is made in favor of a *bona fide* purchaser from the purchaser at a conditional sale. Whether this exception is either maintainable on principle or is consistent with the reasoning on which the decision in *Wright* v. *Solomon* proceeds, cannot be authoritatively answered in this case, because it is not found that Perkins & Robinson are *bona fide* purchasers—that is to say, that they purchased the property and paid the purchase money without notice of the claim of Putnam.

The point is made that the judgment is not authorized by the pleadings. This objection may be taken upon the judgment roll alone, whether there is a statement on motion for a new trial or not. It is sometimes included among the grounds of the motion, but without any necessity, as it derives no support from the statement, and its omission, in stating the grounds of the motion, raises no presumption that it is waived. Putnam, in the action against Lamphier, claims four mules, their harness, and a wagon. Perkins & Robinson sued Putnam, and the Sheriff and his Deputy, for the recovery of the same property and a saddle; and Putnam, in his answer, alleges that he is "the owner of all the property set forth in said complaint, except such as was designated by said defendant Putnam at the time of the taking, and left in possession of one Lamphier or plaintiff, to wit: all of said property except three mules and their harness." The allegation is loose, disjointed, and ambiguous. It is uncertain whether he claims three mules and their

harness, or one mule and its harness, and the wagon and sad-dle. If the first is the proper construction of the averment, it still remains uncertain which of the four mules described in the complaint he claims. The two actions having been consolidated, judgment was given for Putnam against Lam-phier and Perkins & Robinson for the recovery of *four* mules and their harness, and the wagon. But as Putnam, giving him the benefit of the most favorable construction, claimed, as against Perkins & Robinson, only three mules and their harness, he was not entitled, as against them, to a judgment for the return or the recovery of any other property. For this error the judgment must be reversed. The value of all the property having been found in one sum, and Putnam not having designated in his answer the property which he claims, a modification of the judgment cannot be ordered.

Judgment reversed, and the cause remanded for a new trial, and the remittitur directed to issue forthwith.