## W. G. HARDING vs. H. METZ, Assignee.

### April Term, 1874.

CONDITIONAL SALE OF PERSONALTY—WHEN TITLE PASSES.—If personal chattels be sold upon the express condition that they are to be paid for on delivery, and they are delivered upon the faith that the condition will be immediately performed, and performance is refused upon demand in a reasonable time, no title passes to the buyer; and, this, though the property be grain delivered by instalments, and upon delivery mixed by the buyer with similar grain, and the buyer continues to use grain from the mixture for the purposes of his business.

CASE IN JUDGMENT.—H. sold to S. & P. 1,000 bushels of barley to be paid for on delivery, and delivered the same by the wagon load in about two weeks, receiving one payment on account before, and one after the last delivery, the barley as delivered being mixed by the buyers, without the knowledge of H., with other barley, and the mixture used for making malt. Five days after the last delivery, and four days after the last payment on account, the buyers made a general assignment of all their property for the benefit of creditors, including the barley on hand, which was sufficient to cover H.'s barley not paid for, whereupon H. demanded his barley from the assignee. *Held*, that H. was entitled to recover from the assignee the barley, or its value if converted by him.

*John Reid*, for complainant.
*John Ruhm*, for defendant.

THE CHANCELLOR :—This case has been submitted to me upon an agreed state of facts.

In February, 1874, Harding " sold to Steifel & Pfeifer 1,000 bushels of barley *to be paid for on delivery.*" On the 27th of February, he began to deliver the barley by the wagon load, and continued the delivery at intervals, the amount delivered in all being 980 2-3 bushels, and the last delivery on the 13th of March, 1874. " About the time all the barley was delivered," and on the 18th of March, Steifel & Pfeifer became embarrassed, and made an assignment of all their property to Metz for the benefit of their creditors. On the 28th of February, Steifel & Pfeifer paid Harding $100 on account, and on the 14th of March $300, leaving still due on the barley $1,071. As each load of barley was delivered to them, Steifel & Pfeifer had the same carried into their establishment and mixed with other barley therein stored, and made malt from the barley so mixed. At the date of the assignment to Metz, there were on hand 750 bushels of barley, and 650 bushels of malt, all of which were included in the assignment. Harding had no knowledge of the disposition made by Steifel & Pfeifer of the barley.

The question raised and argued is, whether the title to the barley passed by the delivery to Steifel & Pfeifer, or remained in Harding, because of the failure to pay the price. Harding, immediately on the failure of Steifel & Pfeifer demanded payment, or the barley, and the agreed statement was drawn up for adjudication.

If parties agree upon the terms of sale of personalty and annex no condition to the contract, the property passes to the buyer without delivery or tender of price. *Potter* v. *Coward*, Meigs, 22 ; Benj. on Sales, 218. This is a bargain and sale as contradistinguished from an executory agreement. Benj. on Sales, 213. The latter contemplates that something is to be done to complete the sale, such as weighing, selecting, delivering, or other act, and is converted into a bargain and sale by the appropriation in the mode agreed

upon, of specific goods to the contract. Id. 217. In either case, as soon as the specific goods sold are ascertained, either by the original contract or subsequent appropriation, the property vests in the buyer without payment, *if no condition be annexed to the contract.*

But the parties may annex a condition which will prevent the vesting of title to the property, although actually delivered, until the condition is performed. Thus, the sale may be on condition that the title remain in the seller until the price is paid, and, in such case, until payment the seller may follow the property even into the hands of a purchaser for value, and without notice. *Preston* v. *McGaughey,* Cooke, 113; *Gambling* v. *Read,* Meigs, 281; Benj. on Sales, 221, 237; Story on Sales, §§ 313, 400, 440.

The usual condition annexed to contracts of sale is, as in the present instance, the payment of the price. Hilliard on Sales, ch. 3, § 1, and ch. 7, § 38. If this condition be not express, even if the sale be for cash, it would ordinarily be waived by a delivery of the property to the vendee without more. Id.; *Bowen* v. *Burk,* 13 Penn. 146. *But if the condition be express,* that the goods are to be paid for on delivery, and they are delivered under the expectation that the condition will be immediately performed, and the seller comes with reasonable speed and demands performance, the English and American authorities are agreed that, if performance is refused, no property in the goods passes to the vendee, and the vendor may maintain replevin for them, in the hands of the vendee, or a purchaser with notice, or any person, such as an assignee under a general assignment for creditors, who stands in the shoes of the assignor; and this although there be no declaration that the delivery is conditional. The reason is, that the seller has the right to presume that the purchaser will act honestly, and pay as soon as he can make the necessary arrangements, or comply within the reasonable time fixed by the usages of trade in the particular case. Benj. on Sales, 256; *Godtz* v. *Rose,* 17 C. B. 229; *Smith* v. *Dennie,* 6 Pick. 266; *Whitwell* v. *Vincent,* 4 Pick. 449;

2 Kent, 491; *Stone* v. *Perry,* 60 Maine, 48; *Corlies* v. *Gardner,* 2 Hall, 345; *Hammett* v. *Linneman,* 48 N. Y. 399; *Adams* v. *O' Conner,* 100 Mass. 515; *Bauendahl* v. *Horr,* 7 Blatch. 548; *Smith* v. *Milliken,* 7 Lansing, 336. It is obvious that a contrary rule would unnecessarily clog the arteries of trade. And an assignment of such goods by the buyer without compliance with the condition is a fraud, which entitles the seller to come into equity, and follow the goods into the hands of a voluntary assignee for creditors. *Haggerty* v. *Palmer,* 6 Johns. Ch. 437; *Keeler* v. *Field,* 1 Paige, 311.

Where the property sold is to be delivered by instalments, or at intervals, to be paid for when the whole is delivered, it is equally well settled that the delivery does not pass the title until the condition is complied with. *Bishop* v. *Shillito,* 2 B. & A. 329, note *a*; *Russell* v. *Miner,* 22 Wend. 259. And the right of recovery is not affected by the fact that the article sold is grain, which upon each delivery of an instalment is mingled with other grain. Thus, in *Henderson* v. *Lauck,* 21 Penn. St. 359, there was a sale of corn, to be paid for on the delivery of the last load; and, as the loads were delivered, the corn was placed in a heap with other corn of the buyer in the presence of both parties; the seller was held entitled to sue for and recover the corn upon the purchaser's failure to pay when the last lot was delivered. The reason is, that the seller is in no fault in the disposition which the buyer may make of the article purchased, and is entitled to take back his share of the common bulk, kind for kind, measure for measure. To the same effect are *Paul* v. *Reed,* 52 N. H. 136, and *Inglebright* v. *Hammond,* 19 Ohio, 337.

The case before us falls within the foregoing principles, and is almost identical with the cases last cited. The barley was, by the express contract, " to be paid for on delivery," which means, in view of the fact that the sale was entire of a thousand bushels, when the whole is delivered, although the buyer might, for his own convenience, make partial pay-

ments in the meantime. The delivery in parcels was, of course, upon the faith of the performance of the condition. Upon the failure to pay, the property did not pass, if reclaimed within a reasonable time. What is a reasonable time as between the vendor and third persons, must depend upon the facts of the particular case. But as between the buyer and a voluntary assignee for creditors, the title would seem not to pass at all. And, certainly, to use Chancellor Kent's language in *Haggerty* v. *Palmer*, 6 Johns. Ch. 439, while the property is in the possession or under the control of these parties, "the plaintiff has the equitable lien and better right." Moreover, the demand, and proceeding thereon, in this case, were more prompt by several days than either in *Haggerty* v. *Palmer*, 6 Johns. Ch. 437 ; *Keeler* v. *Field*, 1 Paige, 312 ; *Bauendahl* v. *Horr*, 7 Blatch. 548 ; *Corlies* v. *Gardner*, 2 Hall, 345 ; or *Stone* v. *Perry*, 60 Maine, 48.

The agreed facts show that a sufficiency of barley to meet Harding's demand passed to the assignee under the assignment of Steifel & Pfeifer, and do not show that there is any other claimant of the barley, or any specific quantity of other barley in the lot. Under these circumstances, I am clearly of opinion that the property in the barley is in Harding, and that he is entitled to recover the barley from the assignee, or its value if the latter has converted it. Decree accordingly.