Simpkinson *o.* McGee.

J. & A. SIMPKINSON & Co. *v.* J. P. McGEE et al.

ASSIGNMENT. *Registered has priority over prior deed not registered.* A trust assignment of land for the benefit of creditors, duly registered, will have preference over a prior deed of the same land by one of the grantors, never registered, where the assignees had no notice of the previous deed, and accepted the trust before the filing of a bill to set up the unregistered instrument.

FROM GIBSON.

Appeal from the Chancery Court at Trenton. JOHN SOMERS, Ch.

W. C. CALDWELL and COCHRAN & ENLOE for Complainants.

W. M. NEILL, SP'L HILL and J. S COOPER for Defendants.

COOPER, J. delivered the opinion of the Court.

This bill, filed August 29th, 1872, raised a question of priority between a claimant under an unregistered deed of conveyance of land and the trustee and beneficiaries under an assignment, duly registered, of the same land, to secure pre-existing debts. The Chancellor rendered a decree in favor of the former and the latter appealed.

R. B. McGee and W. C. McGee were tenants

in common in equal moieties of the land in controversy by deed in fee simple made on the 11th of November, 1865. On the 31st of July, 1871, W. C. McGee sold and conveyed the entire lot to J. P. McGee for $1,500, secured by three notes in equal installments, at nine, twelve and eighteen months, a lien being retained on the land for their payment. The first two of these notes were assigned by W. C. McGee to the complainants, J. & A. Simpkinson & Co., in payment of a debt due to them by R. B. & W. C. McGee, as partners in the business of merchandising. On the 8th of August, 1871, R. B. and W. C. McGee conveyed the same land to L. P. McMurry in trust for Adderton & Howe and others, creditors of R. B. & W. C. McGee, as partners, to secure pre-existing debts due to them by the firm. These deeds were duly proved and registered at the time of their respective execution.

The bill is filed against J. P. & R. B. and W. C. McGee, L. P. McMurry and the beneficiaries in the trust assignment, to foreclose the vendor's lien retained for the payment of the notes held by complainants as above, and to set up, as against the trustee and beneficiaries, an alleged deed of conveyance of the land by R. B. McGee to J. P. McGee, made prior to the trust assignment, never registered, and alleged to have been lost. The McGees offered no resistance to the relief sought.

28—VOL. 4.

. The contest is over R. B. McGee's undivided moiety of the land.

The Code, sec. 2030, enumerates the instruments which may be registered, and includes in the enumeration all deeds for the absolute conveyance of land, and all mortgages and deeds of trusts of either real or personal property. By the Code, sec. 2074, it is provided: "Any of said instruments first registered or noted for registration shall have preference over one of earlier date, but noted for registration afterwards, unless it is proved in a court of equity, according to the rules of said court, that the party claiming under the subsequent instrument had full notice of the previous instrument." These provisions, as well as the next succeeding section of the Code are taken from the Act of 1831, chap. 90. And it has always been held that a mortgage or trust assignment for the benefit of pre-existing creditors falls within the provision, and, if first registered, will have preference over any of the enumerated instruments of earlier date not registered, unless the persons claiming under it had full notice of the unregistered instrument: *Myers* v. *Ross*, 3. Head; 60; *Knowles* v. *Masterson*, 3 Hum., 619. In the last of these cases, though the first in order of time, Judge Reese uses the word mortgage, although two of the instruments mentioned were trust assignments for creditors. "Mortgagees," he says, "are, in general, purchasers, and they are so within the words and meaning of the Act. The same prin-

ciple governs their registration; the same consequence results from their non-registration; the same effect is to be given in a court of Chancery to the knowledge of their existence when unregistered. To hold the contrary would contradict not only the words of the statute, but disturb the unity, simplicity and harmony of the entire system intended to be corrected by the Registration Act of 1831."

In *Myers* v. *Ross*, the contest was between claimants under trust assignments, the first assignment in point of time, though the last registered, being apparently to secure a pre-existing debt, while the other, whose priority, by reason of registration, was postponed on account of notice, was intended to secure advances made at the time, as well as pre-existing debts. It was distinctly held that the provisions of the Act applied to deeds of trust.

In the case before us, it is neither alleged in the bill, nor is there any proof to show that the trustee or beneficiaries under the trust assignment had notice of the unregistered deed before they had accepted the benefits of the trust; and the bill was not filed until after the acceptance. If, therefore, the existence of the unregistered deed be conceded, the trustee and beneficiaries, without notice thereof, have, by the very terms of the statute, the better right to the disputed moiety of the land.

The Chancellor seems to have thought that the preference given by the Code to the instrument

first registered, applied only when the claimants under it stood in the attitude of *bona fide* purchasers for value in the common law sense, as well as without notice, and that, as assignees under a voluntary assignment for creditors, are not such purchasers, according to the decisions, the preference could not be allowed them. The language of the next section of the Code to the one above cited, taken also from the Act of 1831, may have influenced the conclusion. That section is: "Any of said instruments not so proved or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or *bona fide* purchasers from, the makers without notice." The previous section gives preference to instruments in the order of registration, subject only to the condition of the want of notice of the prior equity. This section declares the effect of an unregistered instrument as against creditors and *bona fide* purchasers of the grantor. The two provisions, constituting sections 6 and 12 of the original Act, are not in conflict, nor does either necessarily control the other.

Independent of statute, the general rule is that where the equities of conflicting parties are equal, whoever has the legal title shall keep it. The only doubt in the authorities was as to how far chancery would interfere to assert the prior equity against the legal title acquired under the junior equity with notice: 2 Lead. Ca. in Eq., notes to *Basset* v. *Nosworthy.* In all such cases, the assig-

nees under a trust for pre-existing creditors were treated as volunteers: *Fawell* v. *Heelis*, Amb., 726; *Haggerty* v. *Palmer*, 6 Johns. Ch., 437.

It has always been so held in this State, when it could be done consistently with the positive provisions or the · policy of the registration laws. It was so held in the case of a constructive trust, treated· as a resulting trust, arising from the use by a guardian of a ward's funds in the purchase of lands: *Turner* v. *Petigrew*, ·6 Hum., 438. So in the case of the equity of a vendee of land by parol to be repaid the purchase money or the value of improvements, upon recission: *Rhea* v. *Allison*, 3 Head, 177. So in the case of a vendor's equity for unpaid purchase money after he has parted with the title: *Brown* v. *Vanlier* 7 Hum., 238. So in the case of a contract for a mortgage unregistered, if the Court intended to go to that extent, in *Cook* v. *Cook*, 3 Head, 719. The policy of the registration laws was allowed to overrule the doctrine of *Brown* v. *Vanlier*, even where the assignee, under the trust assignment, had full notice of the vendor's equity : *Fain* v. *Inman*, 6 Heis., 5; and *Cook* v. *Cook*, if intended to give a preference to an unregistered contract over a registered trust assignment for creditors, accepted by the assignee without notice of the trust, must be also overruled, because in conflict with the positive provision of the registration law. For all agreements for the conveyance of real estate are required to be registered by the Code, sec. 2030,

and if a later trust assignment, first registered, will by the letter of the Act, have preference over an earlier unregistered mortgage, where there has been no notice, *a fortiori*, must it be preferred to a contract for a mortgage under the same circumstances. While it may be doubted whether the well recognized lien of a vendor should have been interfered with merely on the ground that it was opposed to the policy of the registration laws, because no provision is made for such a lien or equity any more than for the equity of a resulting trust, there can be no doubt that an unregistered conveyance or agreement to convey must yield to a registered trust assignment for creditors, without notice, because the case is directly within the letter and the intent of the statute. There are cases which seem to treat the beneficiaries in such an assignment as creditors within the Code, sec. 2075, against whom all unregistered instruments are void: *Green* v. *Demoss*, 10 Hum., 373; *Kinsey* v. *McDearman*, 5 Cold., 392; *Fain* v. *Inman*, 6. Heis., 14. Of course, a mere volunteer would stand in the shoes of his grantor, and notice to the latter would be notice to him.

A creditor who takes a conveyance to secure his debt is not such a volunteer, under the registration law as construed by this Court.

The decree of the Chancellor must be reversed, and a decree rendered here in accordance with this opinion.