## N. Y. COMMON PLEAS.

A. PERSON, HARRIMAN & Co. agt. REECE M. OBERTEUFFER.

*Equitable liens — what necessary to the existence of.*

An agreement was entered into in 1875 between the plaintiffs and the firm of A. Soleliac & Sons whereby the former agreed to furnish said firm with raw materials for the manufacture of silk goods, and to advance funds for the purchase thereof ; which goods, when manufactured, were to be delivered to and sold by the plaintiffs, the balance of the proceeds of each sale, after deductions for commissions, insurance and advances made, to be paid to said firm. During the years 1875 to 1877, the plaintiffs advanced large sums of money to them, and the latter in turn manufactured silk and consigned the same to plaintiffs for sale. On the 8th of September, 1877, Soleliac & Sons failed, and made a general assignment to the defendant. The latter took possession of all the stock and machinery of the debtors ; among these were nineteen pieces of silk finished, and about forty-five pieces unfinished. The plaintiffs claimed to have an equitable lien thereon for the balance due them from Soleliac & Sons, which amounted to $10,000, and thereupon brought this action to enforce the same :

*Held,* that the plaintiffs were not entitled to recover. The identical property or its proceeds must be traced in order to uphold the lien.

Assuming that a valid trust was created and a lien thereby acquired, it confers a right of recovery of the subject-matter of the trust or its proceeds only; and such trust cannot be impressed upon the funds in the hands of the defendant who is general assignee for the benefit of creditors.

*Special Term, June,* 1880.

SOLELIAC & SONS were large ribbon and silk manufacturers at Paterson, New Jersey. During the years 1875 to 1877, the plaintiffs advanced large sums of money to them, and the latter in turn manufactured silk and consigned the same to plaintiffs for sale. On the 8th of September, 1877, Soleliac & Sons failed, and made a general assignment to the defendant, a member of the firm of Oberteuffer, Abegg & Co. The latter took possession of all the stock and machinery of the debtors. Among these were nineteen pieces of silk finished, and about forty-five pieces unfinished. The plaintiffs claimed to have an equitable lien thereon for the balance due them from Soleliac & Sons, which amounted to $10,000, and thereupon brought this action to enforce the same.

Issues were framed and tried before judge VAN BRUNT and and a jury, who found that Soleliac & Sons had agreed to use the money received from the plaintiffs in the manufacture and consignment to plaintiffs of finished silk.

On the trial of the other questions before judge LARREMORE, judgment was rendered for the defendant, and the following opinion given:

*Kobbe & Fowler* and *Stephen Fullerton* for plaintiffs.

*A. Blumensteil*, for defendant.

LARREMORE, *J.* — After a careful examination of the testimony and the elaborate briefs submitted by the respective counsel, my conviction still remains that the plaintiffs are not entitled to recover in this action.

They seek to establish an equitable lien upon property and trust funds held by the defendant as assignee of A. Soleliac & Sons, under a general assignment for the benefit of creditors made September 8, 1877.

The claim thus sought to be enforced rests upon an agreement made in the year 1875 between the plaintiffs and the firm of A. Soleliac & Sons, whereby the former agreed to fur-

nish said firm with raw materials for the manufacture of silk goods, and to advance funds for the purchase thereof; which goods, when manufactured, were to be delivered to, and sold by, the plaintiffs, the balance of the proceeds of each sale, after deduction for commission, insurance and advances made, to be paid to said firm.

Issues were framed and submitted to a jury, which found that between May 3, 1875, and September 1877, plaintiffs, in pursuance of such agreement, furnished to said firm raw materials and money to purchase the same to the amount of $150,000.

That after July 24, 1877, various advances were thus made, amounting, in the aggregate, to $10,470, and that said firm agreed to hold the property manufactured, or in process of manufacture, and the moneys advanced for the benefit of the plaintiffs and as a security and pledge for the performance of said agreement.

Assuming that a valid trust was created by the agreement between the parties thereto, it remains to be seen whether, upon the testimony of this case, such trust can be impressed upon the funds in the hands of a general assignee for the benefit of creditors.

It will be observed that there was a running agreement between the parties thereto, involving several demands, supplies, sales and settlements of advances and materials. This is apparent on the face of the agreement, and from the policies of insurance for which it provides.

The doctrine of equitable lien has been so fully discussed that a mere reference to leading authorities on the subject will suffice in the decision of this case. Assuming, as above stated, that a valid trust was created, and a lien thereby acquired, what is its scope and limit? Obviously it confers a right of the recovery of the subject-matter of the trust or its proceeds (*Grinnel* agt. *Suydam*, 3 *Sand.*, 135; *Gilsin* agt. *Stone*, 43 *Barb.*, 291; *Story's Equity*, sec. 964).

All the cases point to one conclusion — that the identical

property or its proceeds must be traced in order to uphold the lien (*Story's Equity*, sec. 1218 ; *Perry on Trusts*, sec. 82; *Flaggerty* v. *Palmer*, 6 *Johns. Ch.*, 437 ; *Arnold* agt. *Morris*, 7 *Daly*, 498).

In this particular the evidence offered on the part of the plaintiffs fails to substantiate their claim to the equitable relief which they seek. Nor is their case strengthened by the recitals in the policy of insurance. The latter appear to have been (as termed in agreement) " floating polices," covering any goods that were delivered to Soleliac & Sons, and unless a loss occurred which their · provisions covered, created no specific lien which the plaintiffs could enforce.

Whatever rights the plaintiffs have against the firm of Soleliac & Sons for conversion or misappropriation of property, breach of contract or otherwise, are not here at issue, and cannot be determined on this trial.

The defendants are entitled to judgment in their favor for a dismissal of the complaint, with costs.