## WARNER v. JOHNSON & HAKEMAN.

1. **Conditional Sale of Chattel:** CODE, § 1922: "ACTUAL POSSESSION" OF VENDEE: WHAT IS NOT. So long as an article sold upon condition, and shipped to the vendee by rail, is in the hands of the railroad company, subject to the company's charges for freight, and to the vendor's right of stoppage *in transitu*, it cannot be said to be in the "actual possession of the vendee, as those words are used in § 1922 of the Code; and, in such case, a third person who buys the article from the vendee, and obtains possession of it from the railroad company, takes it subject to the condition on which it was first sold, even though the conditional sale was not made a matter of record, as provided in said section.

*Appeal from O'Brien District Court.*

TUESDAY, DECEMBER 2.

ACTION for the recovery of specific personal property. The judgment of the district court awards the property to defendants. Plaintiff appeals.

*Barrett & Bullis,* for appellant.

*J. B. Dunn,* for appellees.

REED, J.—The case was submitted in the district court on an agreed statement of facts. It is shown by this statement that plaintiff entered into a written contract with A. C. Satterly for the sale of a fire-proof safe to him. Satterly paid no part of the purchase price, but gave his promissory notes therefor. It was stipulated in the contract, and also in the notes, that the title to the safe should not pass from plaintiff until the purchase price was paid, but neither of the instruments was acknowledged or recorded. Plaintiff resided at Cincinnati, in the state of Ohio, and he shipped the safe from that point by rail, consigned to Satterly, at Sheldon, in this state, that being his place of residence. After the safe arrived at Sheldon, and while it lay at the depot in charge of the railroad company, Satterly sold it to Davidson & Wood-

ruff, who paid him the price agreed upon, and received from him an order for the delivery of the safe to them, on which they procured it from the railroad company. They afterwards sold and delivered it to Alexander Davidson, and he sold and delivered it to H. E. Thayer & Co. Defendants were members of that firm, and upon its dissolution succeeded to whatever right it had in said safe. Satterly has never paid any portion of said notes, and none of the subsequent purchasers had any actual notice of the condition of the sale from plaintiff to Satterly. The value of the safe is less than $100, and the trial judge has certified that the case involves the following question of law, on which it is desirable to have the opinion of this court, viz: "Had Satterly such actual possession of the safe at the time of the sale to Davidson & Woodruff as to bring the case within the meaning of section 1922 of the Code? That is to say, which had the better claim to the safe, and the ownership thereof, plaintiff or defendants, under these facts?"

Before the enactment of section 1922, it was well settled in this state that, when personal property was sold on condition that the title should not pass until the price was paid, the vendee was not regarded as a purchaser until this condition was performed, and he could not convey any interest in the property as against the vendor, even to an innocent purchaser. See *Bailey v. Harris*, 8 Iowa, 331; *Baker v. Hall*, 15 Id., 277; *Knoulton v. Redenbaugh*, 40 Id., 114. It was doubtless to prevent the injustice that parties were sometimes enabled to practice under the rule established by these cases that the section was enacted. It is as follows: "No sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend on any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof without notice, unless the same be in writing, executed by the vendor or lessor, and acknowledged and recorded as chattel mortgages." It is very clear that this statute in no manner

changes, as between themselves, any of the rights of the immediate parties to a conditional transfer of property, which are created or reserved by their contract.   But it is the rights and interests of the creditors of, or purchasers from, the vendee which were intended to be protected by it.

To bring a case within the rule of the statute and take it out of the former rule, two things must concur: (1) There must be a purchaser from or creditor of the vendee, who, at the time his interest in the property accrued, had neither actual nor constructive notice of the interest reserved in the vendor by the condition of the contract; and (2) the vendee, at the time such interest accrues, must be in the *actual* possession of the property under the contract.   Was Satterly in the actual possession of the property within the meaning of the statute?   This is the question presented by the case.   We think it must be answered in the negative.   The legislature enacted the section for the purpose of modifying an existing and well settled rule of law.   The language made use of for this purpose is not at all ambiguous.   Plain words are made use of, and their meaning is not obscured by the connection in which they are used, and that meaning must be presumed to have been intended which is expressed by the language when the words used are given their ordinary legal sense. The term "actual possession," when used in the law, has a well-defined and certain meaning.   "Actual possession exists when the thing is in the immediate occupancy of the party." 2 Bouv. Law Dict., 349.   It cannot be said that Satterly was in the actual possession of the property in this sense.   The common carrier that undertook to transport the safe from Cincinnati to Sheldon was his agent, it is true, and, in some sense, the possession by the carrier was his possession.   But this was was not actual possession by him.   He had no dominion over it, and no enjoyment of it during the time it was in the hands of the carrier.   He did not even have the right to the physicial possession and use of it during that time.   The carrier had a lien upon it for his charges, which gave him a

right of possession superior to any right in Satterly, until it was discharged, and, so long as it remained in the hands of the carrier, it was subject to the vendor's right of stoppage *in transitu*. *Alsberg v. Latta*, 30 Iowa, 442; *McFetridge v. Piper*, 40 Id., 627; *Greve v. Dunham*, 60 Id., 108. The possession by the carrier was, therefore, not exclusively for Satterly's benefit, and, if it could be said in any case that property held by an agent for his principal was in the actual possession of the principal, this is certainly not true when the agent himself has a right of possession superior to that of the principal, and the property is also subject, while in his hands, to a superior right in a third party. We think, therefore, that the district court erred in awarding the possession of the safe to defendants, and the judgment is accordingly

REVERSED.