Dunn v. Archer.

A. D. Dunn *v.* L. L. Archer *et al.*\*

(*Knoxville.*   September Term, 1924.)

1. **LANDLORD AND TENANT.** Personal decree against assignees of lease for rent paid by assignor to lessor held proper.

Where assignees of lease assumed lease contract, personal decree for assignor against them for rent paid by former to lessor, on assignees' failure to pay it, *held* proper. (*Post, p.* 446.)

2. **LANDLORD AND TENANT.** Sale of lease for rent held not sale of "personal property," within retention title statute.

Sale of lease on bakery *held* not to be sale of personal property, within Shannon's Code, section 3666, permitting seller to retain title until consideration is paid. (*Post, pp.* 446, 447.)

Code cited and construed: Sec. 3666 (S.).

3. **STATUTES.** Code definitions of words and phrases are applicable to statutes.

Code definitions of Shannon's Code, section 63, of meaning of words and phrases are applicable to statutes. (*Post, pp.* 447-449.)

Cases cited and approved: Lewis v. Glass, 92 Tenn., 151; Kelley v. Shultz, 59 Tenn., 218; Burr v. Graves, 72 Tenn., 556; Matthews v. Crofford, 129 Tenn., 541.

Case cited and distinguished: Preston v. McGaughey, 3 Tenn., 113.

\*Headnotes 1. Landlord and Tenant, 36 C. J., section 1229; 2. Sales, 35 Cyc, p. 664; 3. Statutes, 36 Cyc, p. 1105.

FROM BLOUNT.

Appeal from the Chancery Court of Blount County.— Hon. M. H. Gample, Chancellor.

McTEER, KRAMER & QUINN, for appellant.

BROWN & JOHNSON and J. L. TWEED, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Suit to recover rent and to have a bake shop outfit sold to pay same, upon the theory that the complainant had retained title to said outfit to secure said rent

On May 26, 1922, Dunn had a lease on a storeroom in Maryville, which expired on July 15, 1926, the rental being $75 per month. He operated a bakery in said storeroom. On said date he sold a one-half interest in the business and the equipment to the defendant Archer for $2,750 cash, Archer also assuming one-half of the lease contract.

On July 1, 1922, Dunn, in writing, sold and conveyed to Archer the remaining one-half interest in said business and equipment for $2,750 evidenced by thirty-seven notes, payable monthly, all being for seventy-five dollars each, except the last which was for fifty dollars, and, to secure the payment of said notes, Archer executed a mortgage on the equipment, which was duly recorded.

The contract contained the following provision:

"Second party [Archer] doth hereby agree to, and does assume the lease on the building in which said Electric Bake Shop is now located, said lease being made by T. A. Roylston to A. D. Dunn et al. on the 31st day of October, 1921, and assumes all the conditions and obligations therein expressed and set out, and the said first party [Dunn] hereby retains the title to said property

herein conveyed, to guarantee the faithful compliance with said contract or lease. It is agreed that, if at any time said second party should desire to exchange any of said equipment for other equipment, he is to have the privilege of doing so, but is first to have the written consent of first party, and, in the event of an exchange, then the property thus obtained by reason of said exchange is to stand in lieu of said property thus exchanged for same, and be subject to conditions hereinabove mentioned."

In September following, Archer, by contract in writing, sold the business and equipment to the defendant Teague, who assumed the lease on the storeroom.

Subsequently Teague moved the business and equipment to another building, and thereafter sold same to the defendant Gibbs.

The only contest is as to the unpaid rent. The amount due and unpaid, at the time of the filing of the bill, and which Dunn was forced to pay to his lessor, was one hundred seventy-five dollars.

The complainant sought, by his bill, to recover a personal decree against Archer and Teague for said rent. This relief was decreed him, and we think properly so.

He also sought to have a sale of the bakery equipment to pay said rent, the balance of the proceeds to be held by the master to pay subsequently accruing rent, and this relief was also decreed him.

Upon appeal, the decree of the chancellor was affirmed by the court of civil appeals.

In this the chancellor and the court of civil appeals were in error. Gibbs knew nothing about this lease contract, did not assume same, or occupy the storeroom, and

Dunn v. Archer.

did not know that Dunn had undertaken to retain title to the bakery equipment to secure the payment of rent, and was therefore an innocent purchaser.

The attempt by Dunn to retain title to the equipment to secure the rent was inoperative and unenforceable.

Our conditional sales statute (section 3666 of Shannon's Code) provides that:

"When any personal property is sold upon condition that the title remain in the seller until that part of the consideration remaining unpaid is paid," etc.

A lease is not personal property under our statute.

Section 63 of Shannon's Code is as follows:

"The word 'property' includes both personal and real property; the words 'personal property' include money, goods, chattels, things in action, and evidences of debt; 'real estate,' 'real property,' 'lands,' include lands, tenements and hereditaments, and all rights thereto and interests therein, equitable as well as legal."

These Code definitions of the meaning of words and phrases are applicable to our statutes. *Lewis* v. *Glass,* 92 Tenn., 151, 20 S. W., 571.

This court, in construing the foregoing statute, has repeatedly held that a leasehold estate in land is real estate, and not personalty. *Kelley* v. *Shultz,* 12 Heisk., 218; *Burr* v. *Graves,* 4 Lea, 556; *Lewis* v. *Glass,* supra; *Matthews* v. *Crofford,* 129 Tenn., 541, 167 S. W., 695.

It follows that a sale of a lease is not a sale of personal property, and does not fall within the provisions of the conditional sales statute.

In the cause under consideration, title could not have been retained to the lease to secure the rent. It follows that title to the equipment could not be retained to se-

cure some other indebtedness. Title to personal property can be retained only to secure its purchase price, and not some other obligation. Here no attempt was made to retain title to the personal property as security for the purchase money. It was secured by mortgage, and has been paid.

It could hardly be contended that a party could sell another a building for ten thousand dollars, and a bakery equipment contained therein for $1,000, and retain title to the equipment to secure the purchase money for the building. That is this case.

Counsel for complainant rely upon *Preston* v. *McGaughey*, Cooke, 113, Fed. Cas. No. 11,397, which was a decision by the federal court for the district of West Tennessee. That case is not in point. The first sentence of the syllabus contains the holding of the District Judge, pertinent to this investigation, and is as follows:

"The conditional sale of a chattel vests no title in the purchaser until the condition is performed, but the title remains in the seller, although possession be delivered to the buyer."

In that case the owner of a slave traded her for a tract of land, retaining title to her until the title to the land was perfected. It results that so much of the decree of the chancellor and the court of civil appeals as holds that Dunn has title to the bakery equipment, and orders same sold, will be reversed, and that part of the bill dismissed. In all other respects, except as to costs, the decree of the chancellor and the court of civil appeals will be affirmed.

The complainant and his surety on his prosecution bond will pay, in the first instance, one-half of the costs accrued in the several courts, with a decree over against

Archer for one-fourth of the costs accrued in the chancery court.

Complainant will have a decree against Teague and the sureties on his appeal bond for $250, out of which the remaining one-half of the costs accrued in the several courts will be paid, and the balance will be applied on the decree for rent in favor of complainant.