## ALLEY v. THOMPSON. No. 5.—185 S. W. (2d) 910.

Eastern Section. November 14, 1944.

Petition for Certiorari denied by Supreme Court, March 3, 1945.

S. W. Alley and G. G. Eaves, both of Chattanooga, for plaintiff in error.

Tom J. Davis and Joe Frassrand, both of Chattanooga, for defendant in error.

McAMIS, J.  This is a replevin action to recover the possession of an automobile which plaintiff alleges was conditionally sold to the defendant on November 12, 1943. The trial judge, sitting without a jury, found that plaintiff did not have title to the car on November 12, 1943, and that the purported conditional sales contract is, for that reason, invalid. The suit was accordingly dismissed and plaintiff Alley has appealed in error, insisting (1) that parol evidence was improperly admitted to impeach the terms of the contract and (2) that the court erred in dismissing the suit.

The pertinent facts are: On May 25, 1943, and before that date defendant Myrtle Thompson was employed by plaintiff.  She says her work consisted of contacting the public in connection with a gambling establishment conducted by plaintiff.  Plaintiff stands upon his constitutional right not to testify as to facts which might tend to incriminate him, but his testimony is also to the effect that Myrtle Thompson was in his employ and needed an automobile in connection with the activities which she was carrying on in his behalf.  On May 24, 1943, or about that date, Myrtle Thompson and her husband went to an automobile dealer in Chattanooga and selected an automobile.  On May 25, 1943, plaintiff, accompanied by defendant's husband, went to the place of business of the dealer and purchased the automobile for $750.  An old car of small value was traded in and there is a dispute as to whether it was the property of plaintiff or belonged

to defendant, but this question is immaterial. Plaintiff paid the balance of the purchase price in cash and was furnished an invoice showing that he had purchased the automobile. There is a dispute as to whether the automobile was driven away by plaintiff or by Thompson, defendant's husband.

On May 26, 1943, defendant and her husband executed to plaintiff a conditional sales contract agreeing to pay $750 for the automobile in fifteen monthly installments of $50 each. Title was retained to secure the payment of these notes. Defendant took possession of the automobile and retained possession throughout all of the transactions to be hereinafter detailed and until shortly before this replevin suit was instituted.

Later, defendant left plaintiff and went to work for Lester Deitch. When this occurred Deitch gave plaintiff his check for $750 and the original note was endorsed and delivered to Deitch. Defendant and her husband on the same date, August 18, 1943, executed to Deitch another conditional sales contract in which it was agreed that the title should remain in Deitch until they had paid fifteen monthly installments of $50 each. On November 10, 1943, defendant went back to work for plaintiff who thereupon gave Deitch his check for $740, the consideration being, as we infer, the Deitch title retained contract and note. From the fact that this contract and the original contract of May 26, 1943, were filed as exhibits to plaintiff's testimony, we infer that all of these papers were delivered to plaintiff when he gave Deitch his check for $740. In any case, defendant Myrtle Thompson, on November 12, 1943, executed what purports to be a conditional sales contract, the basis of the present action, in which it is agreed that the title should remain in plaintiff

Alley until defendant had paid $850 in seventeen equal monthly installments.

The Circuit Judge was of opinion plaintiff had no title on November 12, 1943, and hence could retain none and that, at most, he would have an equitable lien upon the automobile which under the authority of Richmond Type, etc., Foundry v. Carter, 133 Tenn. 489, 182 S. W. 240, would not support an action of replevin. Dunn v. Archer, 150 Tenn. 440, 265 S. W. 678, is cited to sustain the conclusion that, under the circumstances related, the contract is inoperative even as between the parties.

We consider first the legal effect of the contract and the rights of the parties thereto, the rights of third persons not being involved. It is well to note at the outset that the relationship between plaintiff and defendant is not purely that of lender and borrower. None of the contracts were cancelled and, without considerating the rights of defendant's husband who was a joint purchaser under the first contract, as to defendant the subsequent contracts amounted to little more than a renewal of the original contract.

However, even under the first contract plaintiff's possession was, at most, only momentary, and many authorities hold such possession insufficient to support a conditional sale good as against third parites (55 C. J. 1200 and cases cited under Note 81), and whether the contract upon which this suit is predicated is treated as a renewal or as a new transaction by which plaintiff advanced $850 to defendant to be secured by the contract purporting to cover a conditional sale, we must still decide whether such a contract is good between the parties.

Counsel for defendant strongly rely upon Dunn v. Archer, 150 Tenn. 440, 265 S. W. 678, as supporting the

view of the learned trial judge that such a contract is not valid even as between the parties. In that case Dunn sold personal property to Archer and attempted to annex as a condition to the passing of title the full performance of a lease contract assumed by Archer. Archer later sold to a third party who had no notice of the provisions of the conditional sales contract. It was held that title to personal property can be retained only to secure its purchase price and not some other obligation and that Dunn's claim could not be enforced against Archer's vendee. We do not think this case can be accepted as authority for the position that such a contract is wholly invalid as between the parties to it.

It goes without saying that a transaction which is a mere subterfuge or which takes the form of a conditional sale when, in fact, it is something wholly different, cannot be given effect to defeat the rights of third parties but we have not found a case sustaining defendant's position that such contracts cannot create a lien good as between the parties.

A similar case was before the Supreme Court of Mississippi in Burkhalter v. Mitchell & McLendon, 107 Miss. 92, 64 So. 967. In that case McLendon and Mitchell delivered their check for $120 to Burkhalter representing a loan of that amount to enable Burkhalter to purchase a. mule. After purchasing the mule in his own name Burkhalter executed a conditional sales contract to Mitchell and McLendon. Action was brought to recover possession of the mule from Burkhalter and was met with the same contention made here, namely, that the relationship between the parties was that of debtor and creditor and that the note created a mere equitable lien which could only be enforced by a bill in equity. Holding the contract good between the parties, the Court distinguished

its earlier holding in Payne v. Parker, 95 Miss. 375, 395, 48 So. 835, 838, in which it was held that a contract growing out of a similar transaction was invalid as against parties having no actual or constructive notice. In the course of the opinion the Court pointedly observed [107 Miss. 92, 64 So. 968]:

"The parties to this contract agreed to treat the transaction as a conditional sale, and for the purposes of the contract the mule was the property of the payee, and in case the promisor did not pay the borrowed money when due, it was the understanding that the firm advancing the money would have the right to take possession of the mule and enforce the payment of the money remaining unpaid.

"We know of no rule of law, or principle of public policy forbidding this sort of contract, and we can see no reason why it should not be valid and binding on the parties thereto. Indeed, it seems to us that good faith and good morals demand that the agreement between the parties should be enforced by the courts."

Other courts hold that while conditional sales contracts are not appropriate to secure a loan of money and will not be given effect to defeat the registration laws or permitted to serve as a blind for the exaction of usurious rates of interest, they will be given effect and enforced as a chattel mortgage good as between the parties. The latest case dealing with this question is that of Hughbanks, Inc., v. Gourley, decided by the Supreme Court of Washington and reported in 12 Wash. (2d) 44, 120 P. (2d) 523, 138 A. L. R. 658. Numerous cases all holding to the same effect are collected in the Annotation beginning at page 664.

We think of no good reason why plaintiff should not be held to have, and permitted to enforce, a lien for

the amount of his advancements. As we understand, the circuit judge found that defendant is not entitled to credit for certain amounts which she claims to have advanced for plaintiff and it is not claimed that she has paid anything on the purchase price of the car. If, as held in the cases cited, the contract is given effect only as a chattel mortgage registration would be required to make it effective as against third parties and pretended conditional sales contracts could not be employed as a device for covering up the collection of usurious interest. If so treated, the provisions of the statute with respect to advertisement and sale would be read into the contract and serve as a safeguard for the borrower. The assignment complaining of the judgment of the court for defendant will, therefore, be sustained.

The assignments complaining of the admission of parol testimony tending to show that plaintiff had no title to the automobile and showing the true intention of the parties in entering into the contract seem to be ruled by the early case of Buson v. Dougherty, 30 Tenn. 50. This case seems to hold such evidence inadmissible contrary to the universally accepted modern rule that the character of the transaction is to be determined by the intention of the parties as gathered from the entire contract, the surrounding circumstances, and the conduct of the parties. 47 Am. Jur. 31; Annotations, 17 A. L. R. 1442; 43 A. L. R. 1260. However, since we have reversed the judgment below upon another ground, it is unnecessary to pass upon these assignments.

Render judgment here for plaintiff and adjudge costs against defendant.

Hale and Burnett, JJ., concur.