\*THE FULTON BANK *v.* THE NEW YORK AND SHARON CANAL COMPANY AND OTHERS. [\*311]

An injunction against a corporation cannot be dissolved on bill and answer, unless the answer is duly verified by the oath of some of the corporators who are acquainted with the facts stated therein.

THIS was a motion to dissolve an injunction upon bill and answer. Brown and Reed, two former officers of the

January 7th.

New York and Sharon Canal Company, were made defend-ants for the sake of discovery merely. The canal company put in their answer under the corporate seal; and the present secretary, who was not an officer of the company at the time of the transactions which were the foundation of the injunction, swore that the matters stated in the answer relating to his acts and deeds were true, and so far as related to the acts and deeds of other persons, he believed them to be true. The president, who was an officer of the company at the time of those transactions, swore to the seal of the company affixed to the answer, but said nothing as to the truth of the matters stated therein. The separate answer of Brown admitted the truth of the principal allegations contained in the bill.

*D. B. Ogden*, for complainants.

*S. P. Staples*, for the New York and Sharon Canal Company.

THE CHANCELLOR:—The case of a corporation defendant is an anomaly in the practice in relation to the dissolution of an injunction. In most cases the injunction is dissolved as a matter of course, if the answer is perfect, and denies all the equity of the bill in the points upon which the injunction rests. It is not, however, a matter of course to dissolve the injunction where the defendant acts in a representative character, and founds his denial of the equity of the bill upon information and belief only. Corporations answer under their seal and without oath. They are therefore at liberty *to deny every thing contained in the bill, whether true or false. Neither can any discovery be compelled, except through the medium of their agents and officers, and by making them parties defendants. But no dissolution of the injunction can be obtained upon the answer of a corporation, which is not duly verified by the oath of some officer of the corporation, or other person who

[*312]

is acquainted with the facts contained therein. There can be no hardship in this rule as applied to corporations, as it only puts them in the same situation with other parties. Other defendants can only make a positive denial as to facts within their own knowledge. In relation to every other matter, they must answer as to information and belief. 'If the agents of the institution, under whose direction the answer is put in, are acquainted with the facts, so as to justify a positive denial in the answer, they can verify its truth by a positive affidavit; and if none of the officers are acquainted with the facts, their information and belief can have no greater effect than that of ordinary defendants, however positive the denial in the answer may be.

In this case, the officer of the institution, who was such at the time referred to in the complainants' bill, has studiously avoided saying any thing as to the truth of the answer, leaving it to the secretary, who knows nothing of its truth or falsehood, to express his belief on the subject.

The motion to dissolve the injunction must be denied, with costs.