FREDERICK A. CHASE, Appellant, *v.* CORNELIUS VANDERBILT et al., Respondents.

Where two or more railroad corporations are consolidated, and the new corporation thus formed assumes the debts and obligations of the original companies, the directors or other officers of the new organization are not necessary or proper parties to an action brought by a holder of preferred and guaranteed stock of one of the old companies to enforce an alleged contract made by it to pay specified dividends upon said stock.

If the plaintiff has a cause of action it is against the new corporation alone, and its official representatives are not necessary parties to a determination thereof, or for the purpose of giving any relief to which the plaintiff may be entitled. Whatever judgment is obtained is obligatory as well upon its officers as upon the corporation.

The directors of a corporation represent all its stockholders, and cannot be compelled to occupy a position in conflict with this general obligation; they cannot therefore be charged by a plaintiff in an action with the duty of caring for and protecting the interests of one class of stockholders as against another, and this although they may belong to the former class; if for any reason that class of stockholders should be represented in the action, others not having an official relation to the corporation should be selected as the representatives.

The reason of the rule, under the old chancery practice, authorizing officers to be made parties to such an action does not exist under the Code.

(Argued January 26, 1875; decided June 22, 1875.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York in favor of certain of the defendants, entered upon an order affirming an order sustaining their demurrer to plaintiff's complaint. (Reported below, 5 J. & S., 334.)

This action was brought by plaintiff against the Lake Shore and Michigan Southern Railroad Company, and against its directors and treasurer individually. The complaint alleged, in substance, that the Michigan Southern and Northern Indiana Railroad, in 1857, for the purpose of raising money necessary for the payment of the indebtedness of the company, issued preferred and guaranteed stock, the holders of which were entitled to a dividend at the rate of ten per cent per annum in preference to the holders of the remaining stock of the company. That, down to 1863, said company realized net earnings sufficient to have paid the dividend so stipulated, but that no dividend was declared until July, 1863, when a dividend of five per cent for the preceding six months was declared. That the prior earnings were applied to other purposes. That, in July, 1864, said company had surplus earnings sufficient to pay the said dividend, but its board of directors refused so to do, but declared a dividend upon and distributed such earnings among the holders of the common stock of the company. That plaintiff held, and still holds, fifty shares of said preferred stock. That, in 1869, the said company was merged and consolidated, with other companies, into the Lake Shore and Michigan Southern Railroad Company, defendant. That, by the provisions of the statutes under which the consolidation was effected, the rights of the creditors of the said Michigan Southern and Northern Indiana Railroad Company were preserved, and all "just debts, guarantees, liabilities and obligations" of the old companies were assumed, and were to be provided for and paid by the new company. That the individual defendants owned common or unpreferred stock of said Michigan Southern and Northern Indiana Railroad Company. That the number of such stockholders was very great; and that

said defendants were joined as defendants as such stockholders, and as representing the others, and to defend for their benefit.

Plaintiff prayed that an account be taken, and that defendants be compelled, specifically, to perform said agreement; and that they be enjoined from declaring any dividends until plaintiff's claims and demands, and those of others similarly situated, were paid and discharged.

The individual defendants demurred to the complaint, upon the grounds that they were improperly joined as defendants, and that the complaint did not state facts sufficient to constitute a cause of action as against them.

*Lucien Birdseye* for the appellant. Plaintiff had such a right of action against the M. S. and N. I. R. R. Co. as warranted the interference of a court of equity in an equitable action against the corporation and its directors. (*Stevens* v. *S. D. R. Co.*, 9 Hare, 313; 12 Eng. L. and Eq., 229; 21 L. J., Ch. [N. S.], 816; *Sturge* v. *E. U. R. Co.*, 7 De G., McN. & G., 158; 31 Eng. L. and Eq., 406; *Crawford* v. *N. E. R. Co.*, 3 Jur. [N. S.], pt. 1, 1093; 3 K. & J., 1; 3 Jur. [N. S.], pt. 1, 1113; 1 De G. & J., 606; *Matthews* v. *G. N. R. Co.*, 5 Jur. [N. S.], pt. 1, 284; *Corry* v. *L. and E. R. Co.*, 29 Beav., 263; *Smith* v. *C. and B. R. Co.*, 3 Irish Eq. [N. S.], 356; Lindley on Part., 655; *Bates* v. *A. and K. R. R. Co.*, 49 Me., 491; *R. and B. R. R. Co.* v. *Thrall*, 35 Vt., 536; *Taft* v. *H. P. and F. R. R. Co.*, 8 R. I., 310; *Williston* v. *M. S. and N. I. R. R. Co.*, 13 Al., 400; *Litchfield* v. *M. S. and N. I. R. R. Co.*, N. Y. Tr., Sept. 14, 1865; *Prouty* v. *M. S. and N. I. R. R. Co.*, 1 Hun, 655, 663–666.) The parties demurring were properly joined as defendants, because they were holders of shares of the common stock. (Code, §§ 118, 119; *Bailey* v. *Inglee*, 2 Paige, 278; *Butts* v. *Genung*, 5 id., 254, 256; *Wendell* v. *Van Rensselaer*, 1 J. Ch., 344, 349; *Wiser* v. *Blatchley*, id., 437; *Murray* v. *Hay*, 1 Barb. Ch., 59; *Weale* v. *W. M. W. Wks. Co.*, 1 J. & W., 369; *Atty. Genl.* v. *Jackson*, 11 Ves., 365; *Adair* v. *N. R. Co.*,

id., 429, 443; *Cockburn* v. *Thompson,* 16 id., 321–330; 1 V. S. Pldgs. [Moak], 77, 79, 105, 107, 116, 117, 746, 859; *Thompson* v. *Erie R. Co.,* 45 N. Y., 468, 478; *Crawford* v. *N. E. R. Co.,* 3 K. & J., 723; *Corry* v. *L. and E. R. Co.,* 29 Beav., 263; *Coates* v. *N. W. Wks.,* 30 id., 86; *Smith* v. *C. and B. R. Co.,* Irish [3 Eq.], 356; *Maughan* v. *L. Gas Co.,* 15 W. Rep., 333; *Matthews* v. *G. N. R. R. Co.; Richardson* v. *Larpent,* 2 Y. & C., 507; *Lovell* v. *Andrew,* 15 Sim., 581; *Bailey* v. *Birk. R. Co.,* 12 Beav., 433; *Carlisle* v. *S. E. R. Co.,* 1 McN. & G., 689; *Fawcett* v. *Laurie,* 1 D. & S., 192.)

*James Matthews* for the respondents. Defendants cannot be held liable as directors. (*Prouty* v. *L. S. and M. S. R. R. Co.,* 52 N. Y., 363; *Bruffitt* v. *G. W. R. R. Co.,* 25 Ill., 363; *Smith* v. *Poor,* 3 Ware [U. S.], 148; 40 Me., 415; *French* v. *Fuller,* 23 Pick. [40 Mass.], 108; *Smith* v. *Hind,* 12 Met. [33 Mass.], 371, 383, 384.) The action is of legal and not of equitable cognizance. (*Howe* v. *Peckham,* 6 How. Pr., 232; *Cropsey* v. *Sweeney,* 27 Barb., 310; 7 Abb. Pr., 129; *Mad. Ave. Bap. Ch.* v. *Same,* 26 How. Pr., 72; *Benefit L. Ins. Co.* v. *Suprs, etc.,* 32 How., 359, 367, 368; *Heywood* v. *City of Buffalo,* 14 N. Y., 537, 539; *Livingston* v. *Hollenbeck,* 4 Barb., 10; *Boston* v. *City of Bklyn.,* 15 id., 375; *Thatcher* v. *Dusenbury,* 9 How. Pr., 32; *Craig* v. *Hyde,* 24 id., 313; *Kempshall* v. *Stone,* 5 J. Ch., 193; *Hatch* v. *Cobb,* 4 id., 559; *Geer* v. *Kissam,* 3 Edw. Ch., 130; *Morss* v. *Elmendorf,* 11 Paige, 278; *Bk. of Utica* v. *Dill,* 1 id., 466; *Stevenson* v. *Burton,* 15 Abb. Pr., 352; *Kilbourne* v. *Allen,* 7 Lans., 352.) The action should have been brought against the corporation and not against its officers. (*Insane Hos.* v. *Higgins,* 15 Ill., 185; A. & A. on Corp., §§ 110, 111; *Campbell* v. *Brunk,* 25 Ill., 225; *Curtiss* v. *Murry,* 26 Cal., 633; *Hay* v. *McCoy,* 6 Blackf. [Ind.], 69; *Pittman* v. *Kintner,* 5 id., 251, 252.)

MILLER, J. This action was brought on behalf of the plaintiff and others, who are similarly situated, to compel the pay-

ment of dividends agreed to be paid by the Michigan Southern and Northern Indiana Railroad Company, upon certain shares of preferred and guaranteed stock, issued by said company in the year 1857, out of the net earnings of the corporation, which net earnings it is alleged the present corporation on its formation by certain mergers and consolidations, set out in the complaint, assumed, and agreed to provide for, and are liable to pay. The complaint alleges, that the individual defendants named are joined as defendants, as holders of shares of the common or unpreferred stock of the corporation, and as representing all other like holders of shares of the common or unpreferred stock thereof, so that they may represent and defend for the benefit of all such other stockholders.

The defendants, the directors of the Lake Shore and Michigan Southern Railway Company, and the treasurer thereof, who are individually made parties to the action with the corporation, demur to the plaintiff's complaint, upon the grounds among others which are specified, that they are improperly joined as defendants with the corporation, and the court has no power to grant or decree any relief against the persons of either of said defendants. The question of the proper joinder of these defendants demurring, strikes at the foundation of the action so far as they are concerned, and should be primarily considered, for if they are not necessary or proper parties, the action must fail as to them, without determining the validity of the other objections raised by the demurrer.

The corporation, of which the defendants demurring were directors and stockholders, was not in existence until 1869, long after the alleged liability had accrued. The obligation, therefore, to pay the dividends claimed, if any such existed, arose some time prior to the period when the present corporation was created, and before the consolidation which merged the Michigan Southern and Northern Indiana Railroad Company with the defendant the Lake Shore and Michigan Southern Railway Company. It was some time prior to the consolidation, and it was a contract of the last corporation

to assume, pay, cancel and discharge a debt or obligation, of its predecessor. If it can be enforced at all it must be on the ground of the assumption of one company to carry out, enforce and fulfill the contract of another, whose debts and obligations it has agreed shall be regarded the same as its own liabilities and assumptions. The directors of the latter company, assuming that they represent the common stockholders, have neither contracted nor assumed, individually, any legal obligations which render them liable personally or officially. They were not parties to the original contract, nor can they be regarded in any sense as privies to the same. They were not directors of the first company, which was amalgamated with and became part of the present corporation, and are not charged with any bad faith or wrongful conduct which might render them liable for any illegal proceeding. They stand, therefore, as independent official representatives of the existing corporation, and the claim of the plaintiff, as a stockholder, is a claim against the company and not against the directors, and cannot be regarded as in the nature of an action against directors for diverting funds to purposes not authorized by law, to the detriment and injury of the stockholders, or in the nature of a case where they fraudulently and collusively refuse to institute a suit. The corporation may sue and be sued, in its corporate name. It has a legal existence as such, and is liable to answer for any act which may be done, connected with its transactions.

If the action could properly be brought against the corporation, then the directors, as its officers, were bound to look after the rights of all the stockholders and parties in interest, and to see that they were properly protected and cared for. As individual defendants they could do no more, and, as officers, were bound to do thus much. It is not obvious how parties thus made defendants can be of any essential benefit in the conduct of the action. If, as may be assumed, they are adverse in interest to the plaintiff, clearly they could not be of any service to those who may have been similarly situated. If they agreed with the object of the suit then

they could bring an action, or be benefited by success in the action brought by the plaintiff. They were clearly not necessary parties for the determination of the action. Nor were they proper parties, under the circumstances presented, because in no way does it appear that the fact of their being parties was required, or was in any sense important, either in the prosecution of the suit, in obtaining the relief demanded, or in the defence of the same.

If the defendants could be considered as proper parties within section 118 of the Code, then in every action against a corporation it would be equally proper to make the officers or some of its stockholders individually parties. Nor can it be said that no decree can be made in the case without making the defendants parties, for, if the plaintiffs have a cause of action, it can be determined without them. The complaint demands specific relief against the railway company, and asks for an accounting under certain circumstances, and also for an injunction. All this relief can be obtained of the corporation, and it may be enjoined as required, without any regard to the defendants demurring, if the plaintiff establishes his case against the corporation. Their being parties can make no difference whatever, and can in no manner affect the final result as to the corporation or themselves. If a remedy exists against the railway company, and a judgment is obtained, it is obligatory upon the defendants, as the representatives of, as well as the corporation itself, and the former cannot escape the consequences. Upon principle, it seems to us that there is no foundation for the doctrine that directors and individual stockholders are necessary or proper parties defendant in an action of this character.

A number of English cases are cited in which the directors or officers, or some of them, and in some instances holders of common stock other than the directors, have been made parties. (See *Crawford* v. *N. E. R. Co.*, 3 Kay & J., 723; *Corry* v. *L. and E. R. Co.*, 29 Beav., 263; *Coates* v. *Nottingham Waterworks*, 30 id., 86; *Smith* v. *C. and R. R. Co.*, Irish Rep. [3 Eq.], 356; *Margham* v. *Leamington Gas Co.*,

15 Weekly R., 333.) In many of them the question was not raised as to a defect of parties, while in others it is decided that the holders of common stock were not sufficiently represented by the directors, and must be represented otherwise than through the corporation or its directors, whose interest did not appear. Of the latter class are *Richardson* v. *Larpent* (2 Younge & Col., 507); *Lovell* v. *Andrew* (15 Simons, 581); *Carlisle* v. *J. E. R. Co.* (1 McN. & G., 689).

The practice of making officers and individual members of a corporation parties, commenced in England as early as the reign of Charles II, and is recognized in some of the first cases reported. It was based upon the ground that they were supposed to know about its affairs, and as the corporation answered under a common seal and not being sworn, would not answer to their prejudice. (2 Bac. Abr., tit. Cor., E., and authorities cited; Bouv. ed., 451, 452; 1 Grant's Chan. Prac., 28; *Anon.*, 1 Vern., 117; *Moodamy* v. *East India Co.*, 2 Bro. C. C., 469; *Dummer* v. *Chippinham Corporation*, 14 Vesey, 245; *Wyck* v. *Meal*, 3 P. Williams, 310.)

In *Wyck* v. *Meal* (*supra*), in a bill of discovery against the East India Company, one of the officers who was a defendant demurred, and the court held it had been a usual thing for a plaintiff in order to have a discovery, to make an officer of a company defendant; that otherwise there would be a failure of justice, as the company were not liable to a prosecution for a perjury. It is upon this principle no doubt, that the practice has crept into the English chancery cases, and as the Court of Chancery is still in existence in England, it continues to be sanctioned by the judges.

The same rule was also recognized at an early period in the Court of Chancery of this State. (*Bromley* v. *Westchester Mfg. Co.*, 1 J. Ch., 366; *Fulton Bank* v. *N. Y. and S. Canal Co.*, 1 Paige, 311; *Vermilyea* v. *Fulton Bank et al.*, id., 37; *McIntyre* v. *Trustees of Union College*, 6 id., 239.) Since that court has been abolished, and the adoption of the Code under which any party can be examined as a wit-

ness, the reason for such a rule entirely fails. No reported American case of a recent date has been cited sanctioning the practice, and there is no necessity for its existence in a case like the one now considered.

*Thompson* v. *Erie Railway Company* (45 N. Y., 468), is not an authority to sustain the position that the directors individually are either necessary or proper parties as representatives of the common stockholders. Cases may arise where it might be eminently proper that the common stockholders should be represented; but the directors cannot be said to represent them in the case at bar. As we have seen, the directors of a corporation do not represent any particular class of stockholders, but have a duty to perform as to all, which would conflict with their representation of a particular class, and they should not be compelled to occupy a position in conflict with this general obligation. They are trustees, and representatives of the common property, and the entire interests of all the stockholders, of every class and description.

A judgment or decree against the corporation is binding upon the directors as well as upon all classes of stockholders. It affects the common property of all, and if at any time or for any reason, during the progress of a litigation, it is made to appear that the directors do not or cannot properly protect the special interests of any class, courts upon application would have the power to give the necessary relief or an opportunity to be heard. As the directors are under the same obligation to all the stockholders they represent, they cannot be charged by a plaintiff in an action with the duty of especially taking care of and protecting the interests of one class of stockholders as against the others; and if for any sufficient reason the common stockholders, in person or as representatives, are necessary or proper parties, the plaintiff should select other stockholders not having an official relation to the company, not those whose general duty might conflict with special interests, and thus render them improper representatives of a particular class of stockholders.

As the question discussed disposes of the rights of the

defendants demurring, it would be inappropriate to examine the other questions raised upon the demurrer. These will more properly arise and be presented upon a trial of the issues joined, when the evidence is given and the facts fully developed, and should not be anticipated.

The judgment of the General Term was right, and should be affirmed with costs.

All concur.

Judgment affirmed.