## SUPREME COURT.

### WILLIAM A. SEAVER, as receiver, &c., agt. HELEN C. HODGKIN, as executrix, &c.

*Pleadings — Complaint — Demurrer — General demurrer to complaint that it does not state facts sufficient to constitute a cause of action will be overruled if one cause of action is sufficiently stated.*

A general demurrer to a complaint that the pleading does not state facts sufficient to constitute a cause of action will be overruled, if one of two or more causes of action alleged is sufficiently stated.

Whether the defense of non-payment of ten per cent on subscription to the stock of a railway corporation is valid to defendant, sued by a receiver who represents the creditors of a corporation, *quære*.

*Special Term, April,* 1882.

*Stapler & Wood,* for plaintiff.

*Blatchford, Seward, Griswold & Da Costa,* for demurrer.

LAWRENCE, *J.* — The demurrer to the complaint is general, and it is well settled that, where a general demurrer is interposed to a complaint containing two or more counts, if in either count a sufficient cause of action is alleged, the demurrer will be overruled (*Hale* agt. *Omaha Bank*, 49 *N. Y.*, 626). Now, in this case, three causes of action are stated, but they are not separately numbered. The first is a cause of action arising out of a subscription for ten shares of the capital stock of the New York, Westchester and Boston Railway Company, of the par value of $100 per share, and it is alleged that the defendant's testator paid thereon the sum of $100. It has been held that the actual payment of ten per cent of the par value of the stock subscribed in cash, as required by the statute, is necessary to complete the contract between the subscribers and the corporation, but that the payment need not necessarily be made at the time of the subscription (*Excelsior Grain Co.* agt. *Stayner*, 58 *How.*, 273, *and cases cited by* BEACH, *J.*). In the complaint it is averred

that the subscription for the stock was made on or about March 19, 1872, and that the said defendant's testator paid thereon, on or about May 1, 1872, the sum of $100. This is a distinct and positive averment of the payment of the ten per cent upon that identical subscription, without reference in any way to the other subscriptions referred to in the complaint, and the facts averred make out, as to that particular subscription, in my opinion, a perfect cause of action against the defendant's testator. How, then can I, the demurrer being general, hold that the complaint is bad (*Hale* agt. *Omaha Bank*, 49 *N. Y.*, 677)? I do not deem it necessary, therefore, to examine the other questions which were discussed upon the argument, and I am of the opinion that, under the authorities above referred to, the plaintiff is entitled to judgment overruling the demurrer, with leave to the defendant to answer over on payment of costs.