(17 Misc. Rep. 722.)

### SWAN v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Special Term, Oneida County. August, 1896.)

1. EQUITY—PLEADING—ENFORCEMENT OF CONTRACTS.
   A cause of action is stated by a complaint which alleges that a life insurance policy issued by defendant to plaintiff provided that defendant would create a reserve fund, and that when said fund exceeded a certain amount the surplus should be divided among him and other policy holders; that defendant did not properly create and maintain said fund, and has not divided the surplus thereof among the persons entitled; and which asks judgment that defendant be compelled to carry out its contract in regard to the fund.

2. SAME—EFFECT OF IMMATERIAL ALLEGATIONS.
   A complaint in one count which contains allegations sufficient to constitute a cause of action is not rendered insufficient by the fact that it contains other and immaterial allegations.

3. PARTIES—OFFICERS OF DEFENDANT CORPORATION.
   The officers of defendant insurance company are not necessary parties to an action by a policy holder to compel compliance with a provision of the policy that a reserve fund should be created in a certain way for the benefit of policy holders.

4. CORPORATIONS—RIGHT TO SUE—RELIEF BY CORPORATE ACTION.
   A policy holder may sue an insurance company to compel compliance with a provision of the policy that a reserve fund should be created in a certain way, and he need not first demand of the officers that such provision be complied with.

**5. INSURANCE—JUDICIAL INTERFERENCE WITH CONDUCT OF BUSINESS.**

Laws 1890, c. 400, forbidding judicial interference with the business of insurance companies except on the application of the attorney general, does not forbid an action by a policy holder to compel the insurance company to comply with a provision of the policy for the creation of a reserve fund.

Action by Joseph R. Swan against the Mutual Reserve Fund Life Association. Defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, that it shows on its face that plaintiff has not legal capacity to sue, and that there is a defect of parties defendant. Overruled.

W. Kernan, for plaintiff.
Thomas S. Jones and W. T. B. Milliken, for defendant.

HISCOCK, J. The first question presented is whether the complaint states facts sufficient to constitute a cause of action. Upon the argument of the demurrer, counsel for plaintiff was somewhat uncertain about treating this as an equity action, but in the brief submitted by him it is treated as such. There can be no doubt but what, upon the complaint as framed, the action must and should be treated as such a one. The framing of the complaint, not only in behalf of plaintiff, but in behalf of such other persons holding policies of insurance as may desire to join in the prosecution of the action, the nature of the relief demanded, and the form and nature of the action generally, stamp it as one in equity. Treating it as such a one, it seems to me that the complaint does state facts sufficient to constitute a cause of action, and that it is not defective in the respect alleged by this ground of demurrer. In connection with and in addition to certain other allegations, some of which seem to be somewhat disconnected, and others of which seem to state conclusions of law rather than facts, the complaint, which is demurred to, does contain a line of allegations whereby plaintiff, in substance, alleges and complains: That on or about February 15, 1881, the defendant made, executed, and delivered to him a certain policy of insurance; that under and by the terms of such policy it was, among other things, provided that the net earnings of the defendant, together with a certain percentage received from each assessment as a reserve, should constitute a fund which should be deposited with the Real-Estate Trust Company of New York, and be securely invested for the exclusive benefit of the members of the association, and the interest on the same, as it accrued, be paid by the said trustee to the treasurer of the association; that when the said fund reached the sum of $100,000 it should be devoted to making up any deficiency in any assessment made for the purpose of paying a certificate upon death; that when said reserve fund amounted to $200,000 the interest on the same should be paid as a dividend to those who had been members for a period of five years, in proportion to the rate fixed by the graduated assessment at each age of entry; that when said reserve fund amounted to $1,000,000, the limit, all future sums set aside for the reserve on each assessment should be equitably divided among the members;

that plaintiff, ever since the execution and delivery thereof as above stated, has been, and at the time of the commencement of this action was, the owner and holder of said policy of insurance, and has paid all the assessments and performed all other covenants and conditions of said policy to be done and performed on his part, and said policy was a valid and existing claim against a liability of said company; that said company has made various assessments upon its policy holders, and there has been paid to said company upon such assessments upward of the sum of $18,590,000; that, by the terms of said contract of insurance, of the sum received from such assessments said company agreed to set aside as a reserve fund 25 cents upon each $1,000 of insurance in force; that said company has not set aside 25 cents upon each $1,000 of insurance in force, but a much less sum, the amount whereof plaintiff is unable to state; that, in order to meet the demands caused by reckless and extravagant management of the concerns of the company, the officers of the company have been compelled to trench upon the reserve fund; that the total amount of the assessments made by said company up to the 17th day of March, 1893, was upward of $18,590,000, and the amount to the credit of the reserve fund was about $3,410,000; that though since about the year 1883 said reserve fund has amounted to upwards of $200,000, and interest has been paid thereon to a large amount, no part of the sum has been paid as dividends, either to this plaintiff or to those who have been members for a period of five years, but such interest, to the amount of $500,000, in violation of said contract, has been paid over and credited to the death or mortuary fund, for the benefit of all the members of the association, as well those who have been members for the period of five years as those who have been members for a shorter period; that the amount of interest thus diverted from those who have been members for a period of five years, including this plaintiff, and paid over to the death or mortuary fund, is about $500,-000; that no portion of the surplus of the reserve fund over and above the sum of $1,000,000 has been divided among the members, including this plaintiff, as provided and agreed in said policy and contract issued to plaintiff; that, in violation of said reserve fund, defendant has recklessly scattered large sums on deposit in England and elsewhere, the amount thus diverted from the trust created for the policy holders to whom it belongs being $400,000; that, in the course of their extravagant dealings with the property which should be held in trust for their policy holders, said company is proceeding to speculate with the same, and has or is about to purchase a large amount of real estate and erect an enormous building in the city of New York. And said complaint asks judgment, among other things, that the defendant henceforth set aside for the said reserve fund, from the amount of the assessments received, 25 cents upon each $1,000 of insurance; that the sums diverted from said fund be restored thereto; that the amount of said fund over and above the said sum of $1,000,-000 be divided among the policy holders according to the terms of the contract between defendant and the policy holders, the total number of policy holders and the sum to be paid to each being properly ascertained; and that the portion of the reserve fund not distributed

among policy holders be securely invested.    Still more briefly stated, these allegations amount to a complaint upon the part of plaintiff that defendant, in and by its contract with him, agreed to build up in certain ways a reserve fund, and that when said fund exceeded a certain amount the surplus should be divided among him and other people entitled thereto; that defendant has so far violated its agreement as not to properly build up and maintain said reserve fund, and has not divided the surplus thereof among plaintiff and others as agreed; and he asks judgment of this court that defendant be compelled to carry out its contract in these respects.    Assuming, as upon the argument the court is bound to, the truth of these allegations, it would seem as if defendant had so violated an agreement with plaintiff as to entitle him to relief from a court of equity.    As heretofore stated, there are many allegations and suggestions of complaint against defendant outside of those above summarized.    Very likely some of them may be such as are pertinent to this action, and as may entitle plaintiff to relief herein, while others may not be material or furnish the basis for relief in this action.    All of the allegations, however, are contained in one count, and if that count, among all its allegations, contains sufficient to state and constitute a cause of action, then this ground of demurrer now being discussed should be overruled.    Seaver v. Hodgkin, 63 How. Prac. 128;  Price v. Brown, 10 Abb. N. C. 67, 71; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513.    If I am correct in my views, there are sufficient allegations to state and constitute a cause of action, and plaintiff, assuming that he shall finally establish his complaint, would be entitled to relief, within the principles involved in the decisions of the following cases:    Boardman v. Railway Co., 84 N. Y. 157;  Brown v. Railroad Co., 27 Hun, 342;  Jermain v. Railway Co., 91 N. Y. 483.

It is further urged by the third ground of demurrer that there is a defect of parties defendant to this action, that the acts and omissions alleged were the acts and omissions of the officers and directors of the defendant corporation, and that they should have been joined as parties.    It does not seem to me that this is so in this action, at least as to the cause of action above outlined.    If the action were brought by a stockholder of a corporation to compel performance by its directors of the duties which they owed that corporation, or to restrain the commission of acts by them which were in violation of obligations to the corporation, it would undoubtedly be necessary to make such directors parties to this action.    The action in such a case would involve the relations between the directors and the corporation, and the former would be necessary parties.    In this case, however, the complaint sets out as its cause of action a contract and obligation upon the part of the defendant with and to the plaintiff, to perform certain acts.    The contract and obligation are that of the defendant corporation to the plaintiff, and a judgment, if obtained by him, requiring such corporation to perform its agreement, will be sufficient, even though individual directors and officers were not parties as such to the action.    They will be bound by the trial and judgment against the corporation of which they are officers and agents. They are no more necessary as individuals to an action to enforce the

contract than they were to the execution of the contract. Chase v. Vanderbilt, 62 N. Y. 307; Webb v. Vanderbilt, 39 N. Y. Super. Ct. 4; Boardman v. Railway Co., 84 N. Y. 157; Jermain v. Railway Co., 91 N. Y. 483.

Finally it is urged that plaintiff has not legal capacity to sue, and, in the statement of the same ground of demurrer, that it does not appear that he has sought any relief for his alleged grievances within the corporation, and has not requested any action to be brought by the officers of the corporation, etc. So far as the latter suggestions are concerned, they would be more proper to that ground of demurrer already considered which maintains that plaintiff's complaint does not state a cause of action. If defendant was correct in its view that this was an action which should be properly brought against the officers of the corporation, as distinguished from the corporation itself, there would be force in these suggestions now being considered. But taking the view already indicated by me, that this is an action by plaintiff against the defendant corporation to enforce a contract and obligation made by it to him, and that it is not an action in which it is necessary even to join the directors as defendants, I do not, of course, regard it as necessary that any demand should have been made upon the officers of the corporation, or that any previous efforts for relief "within the corporation," as expressed by the demurrer, should have been made.

Taking up now the first part of this ground of demurrer, I find that it is based upon chapter 400 of the Laws of 1890, which provides, in substance, that no order, judgment, or decree providing for an accounting, or enjoining, restraining, or interfering with the prosecution of the business of any life or casualty insurance company, association, or society of this state, or appointing a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the attorney general on his own motion, or after his approval on the request in writing of the superintendent of the insurance department, except in an action by a judgment creditor, or in proceedings supplementary to execution. This act is broad in its terms, and little or no light has been thrown upon its meaning by adjudications. Without attempting to determine all that it may or does mean and cover, I do not believe that it sustains defendant's demurrer. Even assuming that this act, if applicable to a case of this kind, would furnish the basis for this demurrer, rather than present a question of defense to be raised in other ways, I do not believe that the act is applicable to this action brought by an individual to enforce a private contract. No case has been called to my attention construing said act as here claimed by defendant, and it has been ruled by the attorney general, in a case somewhat similar in its nature to this, that the same was not applicable. In re Contract of New York Life Ins. Co., Op. Attys. Gen. 1892, p. 167.

It was urged by defendant's counsel upon the argument that plaintiff could not secure the relief claimed and desired by him in this case because the trustee to whom the custody of the reserve fund was committed was not a party, but that question is not presented by any of the grounds of demurrer.

In accordance with these views, formal decision and interlocutory judgment may be prepared overruling defendant's demurrer, with costs, with the usual provisions allowing defendant to otherwise plead or defend herein.  Demurrer overruled, with costs, with leave to answer.