(53 Misc. Rep. 63)

## JONES v. NASSAU SUBURBAN HOME CO.

(Supreme Court, Special Term, New York County. February, 1907.)

CORPORATIONS—ELECTION OF DIRECTORS—ACTION—PARTIES.

    A complaint alleged that certain persons, not parties to the action, had obtained stock of defendant corporation by giving their notes therefor, in violation of Stock Corporation Law, Laws 1902, p. 1835, c. 688, § 42; that they are a majority of the directors of the corporation, and by means

103 N.Y.S.—69

of the stock so illegally obtained were in control of the same; and prayed that defendant corporation be enjoined from permitting votes to be cast on said stock. *Held*, that a demurrer, because the stockholders were not made parties defendant, would be sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 766.]

Action by John L. Jones against the Nassau Suburban Home Company to restrain a corporation from permitting votes to be cast on certain corporate shares. Demurrer sustained.

William A. Schumacher, for plaintiff.

Kiendl Brothers, for defendant.

BLANCHARD, J. The complaint alleges that certain persons, not joined as parties to the action, named Van Nostrand and Ollivier, received stock of the defendant corporation in consideration of their personal promissory notes and in violation of section 42 of the stock corporation law (Laws 1902, p. 1835, c. 688); that said persons are a majority of the directors of the corporation and are in control thereof, and by means of the stock which they have thus illegally received can control the impending election of the corporation; and concludes by praying that the defendant corporation be enjoined from permitting said stock "from being retained and votes thereon cast at this or any other subsequent election," and that said persons be compelled to return said stock to the corporation. The defendant demurs on the ground that there is a defect of parties defendant and that the complaint fails to state a cause of action.

Since Van Nostrand and Ollivier are not parties to this action, the prayer that the corporation cease to permit their stock being retained, and that they be compelled to return said stock to the corporation, is obviously unavailing. Whatever cause of action can be spelled out of the complaint must be predicated upon the prayer that the defendant corporation be enjoined from permitting votes on said stock to be cast at this or any subsequent election. Exhaustive examination of the authorities shows that, in suits to restrain specified stockholders from voting at corporate elections the stockholders so specified have generally been made parties. See High, Inj. (4th Ed.), § 1230; Cook, Corp. (5th Ed.) § 738, and cases cited. In Walker v. Devereaux, 4 Paige, 229, application was made to restrain the defendants, all of whom were the commissioners of a duly organized corporation, from holding the first election of the corporation, on the ground that the defendants had illegally allotted the stock to the subscribers. The application was denied, for the reason that the complainant's bill was defective both in form and in substance. The court admitted (page 247) its power to prevent the election by an injunction operating merely upon the commissioners, but declared that the defendant commissioners "are not the trustees, and do not represent the interests of other persons to whom stock has been assigned," and added that only "in a case of imperious necessity, when the complainant did not know or could not know the names of the other stockholders," would it thus interfere with the rights of others, "who have no opportunity to be heard, either by themselves or by those under a legal obligation

to protect their rights." Directors have been described as "trustees and representatives of the common property and the entire interests of all the stockholders of every class and description." Chase v. Vanderbilt, 62 N. Y. 307, 315. A purely corporate obligation, therefore, can be enforced without joining the directors or stockholders as parties. A corporate election, however, involves, not only the obligations of a corporation to its stockholders, but also the rights of the stockholders among themselves.

Whether the rights of the stockholders in a corporate election are so involved as to make them necessary parties must, as was held in the case of Walker v. Devereaux, supra, depend upon the circumstances of each case. In Scholfield v. Union Bank, which is meagerly reported in 2 Cranch, C. C. 115, Fed. Cas. No. 12,475, the stockholders were apparently not considered necessary parties in such an action. In the present case the stockholders whose rights will be affected are directors of the defendant corporation and are in control. The situation somewhat resembles that presented in Brown v. Pacific Mail S. S. Co., 5 Blatchf. 525, Fed. Cas. No. 2,025, where Judge Blatchford said:

"In regard to parties who have not been served the court cannot grant an injunction against them, unless they are persons holding such a position as that they can be considered a single party for the purpose of restraining them from doing a particular act in which all are concerned, such as being members of a body of trustees or of the board of directors of a corporation."

In the case cited the injunction against a corporate election which was served upon the corporation was accordingly held binding upon certain directors who had not personally been served. In the present case, therefore, the demurrer might properly be overruled, so far as it rests upon the contention that there is a defect of parties defendant, were it a certainty that when the decree prayed for in the complaint is made Van Norstrand and Ollivier would still be directors. This fact, however, cannot be presumed. Upon the authority of Walker v. Devereaux, supra, therefore, it must be held that there is a defect of parties defendant.

Since the demurrer is sustained upon the ground mentioned, it becomes unnecessary to examine the second ground of the demurrer.

Demurrer sustained.