GENE McCANN, Respondent, v. W. IRVING THROCKMORTON and Others, Appellants, Impleaded with CHATHAM-PHENIX NATIONAL BANK AND TRUST COMPANY, as Trustee, Defendant. (Actions I, II and III.)

First Department, May 1, 1931.

*Edward J. Bennett* of counsel [*Harold H. Corbin* with him on the brief; *Hornblower, Miller & Garrison,* attorneys], for the appellants Throckmorton, Peterson, Griffith, Fowler, Johnson and American Trustee Share Corporation.

*Louis A. Tepper* of counsel [*Max D. Steuer* with him on the brief; attorney], for the appellants Kafka and Golding.

*Gene McCann* of counsel [*Joseph A. Shay,* attorney], for the respondent.

TOWNLEY, J.  The original complaints served and the amended ones now before us contain allegations (1) consistent with a representative action brought by a minority stockholder on behalf of all stockholders of a corporation against directors, (2) consistent with a personal demand for an accounting for dividends not paid but due and wrongfully withheld by directors or the trustee on certain specified dates, and (3) consistent with a demand by *cestuis* for an accounting against a defaulting trustee and others who owe a fiduciary duty to plaintiff and those in a position similar to plaintiff's. The facts set forth did not clearly sustain either theory.  These contradictory allegations led to two intermediate orders which were inconsistent with the relief demanded and with each other.  Accordingly, the motion to dismiss should be granted, *first*, because the complaints are in fact insufficient, and, *second*, even if parts could be sustained, the trial would be confused by the irrelevant material.

In the present complaints the prayer for relief is appropriate to a demand for an accounting by all defendants for breach of the trust relationship between certificate or coupon holders, on the one hand, and the trustee, the corporation and Throckmorton & Co. on the other.  That represents our view of the nature of the relief to which plaintiff might be entitled on proper proof.  The allegations of the complaint should be framed to support the prayer for relief.  Accordingly, all reference to a derivative stockholder's action is irrelevant.  Plaintiff admittedly is not a stockholder. Indeed, the stockholders have nothing to gain by the accounting, but are, on the contrary, truly adverse parties.

In our view also the right to recovery does not depend on what coupons plaintiff held at the dividend date next succeeding the alleged wrongful acts.  The amount of dividends was not determinable in advance, as in the case of a preferred stock or a bond.  The trustee had to compute and at some time determine or declare what sum would be payable on the dividend date.  The coupon holder was entitled only to the amount so declared, by analogy to the reasoning in *Jermain* v. *L. S. & M. S. R. Co.* (91 N. Y. 483).  Plaintiff may sue on behalf of himself and all others similarly situated for an accounting, and if he succeeds the proceeds of the judgment will be for the benefit of the holders of coupons at the dividend date next succeeding the day of payment of the judgment. No question of the principal of the trust is involved in the allegations. Only the amount made available for dividends is questioned.

The trial court must be governed by the equitable principles controlling the relations of *cestui* and trustee and by the opinions in *Pollitz* v. *Gould* (202 N. Y. 11) and similar cases in so far as they are applicable.

The orders should be reversed, with ten dollars costs and disbursements, and the motions granted, with leave to serve amended complaints in accordance with this opinion within twenty days after service with notice of entry of the orders to be entered hereon, upon payment of said costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

In each action: Order reversed, with ten dollars costs and disbursements, and motion granted, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.